No. 79.—John E. Pledger and Matilda Pledger, his wife, plaintiffs in error, *vs.* Middleton Hathcock, defendant in error.

To call a woman a whore in this State is actionable.

This was an action of slander, tried before Judge Wright, in the Superior Court of the county of Floyd, at April Term, 1846.

The defamatory words charged in the declaration of the plaintiffs in error, who were plaintiffs below, were that the defendant, addressing one Newell Anderson, said, "*Have you heard of Matilda Rheedy*" (meaning Matilda Pledger, formerly Matilda Rheedy) "*and Micajah C. Martin whoring of it?*"

Upon the trial the counsel for the defendant demurred to the declaration, on the ground that the words charged were not actionable, which demurrer was sustained by the court, and a nonsuit awarded.

To which decision the counsel for the plaintiffs in error excepted.

N. L. Hutchins and William Martin, for the plaintiffs in error,

Insisted that the words amount to a direct charge that the plaintiff, Matilda, had been and was guilty of whoring, and cited the following authorities:—1 *Com. Dig.* top page 385, 386, (*E* 1,) (*E* 2,) and cases there referred to. "*Did you not hear A state,* &c.?" To this position the counsel did not object, but assumed the broad ground that to call a woman a whore, and to say that she had been guilty of whoring, was not actionable.

The counsel for the plaintiff in error maintained that such a charge is actionable, and cited the following authorities:—

The rule is, that if the words charged were true, the party would be subjected to an indictment for a crime involving moral turpitude, or be subjected to infamous punishment—they are in themselves actionable.—*Brooker* vs. *Coffin,* 5 *Johns. Rep.* 191 ; *Martin* vs *Stilwell,* 13 *Johns. Rep,* 275.   Adultery and fornication are punishable by law.—*Hotchkiss,* 742, sec. 89.

If the words fairly import the charge of a crime, and would be so understood by mankind, the injury is inflicted on the character of the plaintiff as completely and amply as if the crime had been imputed in the most direct and positive terms, and the plaintiff is entitled to a remedy.—*Woolnoth* vs. *Meadows,* 5 *East,* 463 ; 2 *Lord Ray'd,* 959.

John W. H. Underwood, for the defendant in error, insisted that the words charged in the pleadings are not actionable *per se,* and cited the following authorities:—*Tomlin. Law Dic.* vol. 1, pp. 31, 32, 33 ; 4 *Rep.* 15 ; *Dow,* 81, 92 ; *Doug.* 389 ; *Burrow,* 2032.

*By the Court*—Warner, Judge.

There was a demurrer to the declaration in this case, upon the ground the words alleged to have been spoken by the defendant were not actionable.  If the laws of the country did not protect female character from such slanderous imputations, we should deeply regret it.   In actions for slander we understand the rule to be, that the words alleged to have been spoken are to be taken in that sense which is most natural and obvious, and in which those to whom they are spoken will

be sure to understand them.—*Starkie on Slander*, 49, 50, 51, 52. Applying the words alleged in the declaration to this test, we can entertain no doubt as to their import and meaning. By the 5th section of the 10th division of the penal code, it is declared, any man or woman who shall commit adultery or fornication, or adultery and fornication, shall be severally indicted, and punished by fine or imprisonment at the discretion of the court.—*Prince's Dig*. 646. The law presumes a loss to the plaintiff from the publishing the slanderous words, when a person is charged with the commission of a crime.— *Starkie on Slander*, 12 ; *Martin* vs. *Stilwell*, 13 *John. Rep*. 275.

The reason given why the words in this declaration have not been held actionable in Great Britain is, that such defamation is only cognizable in the spiritual courts, and not punishable by the temporal courts ; although in *Jones* vs. *Herne*, Chief Justice Willes said, if it was now *res integra* he should hold calling a woman a whore in public company was actionable.—*Starkie on Slander*, 24, 25. To impute incontinency to a female in London is actionable, because by the custom of the city she is liable to be carted for the offence.—*Starkie on Slander*, 27. As we have seen by the penal code of this State, the offence of adultery and fornication is indictable and punishable in the temporal courts, and, consequently, to charge a person with either offence is actionable. Let the judgment of the court below be reversed, and the cause reinstated.