ETCHISON *v.* PERGERSON, and *vice versa.*

1. A plea to an action for slanderous words, which alleges that they were privileged and also that they were true, is a plea of justification.

2. When one church member is a witness on the trial of another before the proper church tribunal, a *bona fide* disclosure of all relevant facts is incumbent upon him as a private moral duty; and if those facts necessarily involve misconduct or even a crime on the part of a person not a member of the church, the naming of such person, as a part of the relevant testimony of the witness, is within the protection of the privileged occasion.

3. On the trial of an action of slander, where all the special pleas, properly construed, are pleas of justification, and where the evidence would not support a plea of qualified privilege, it is error for the court to charge that "the plea of justification was no waiver of the defence that the words were privileged."

4. Where the alleged slanderous words impute to the plaintiff the crime of adultery, and the defendant files pleas averring that they were privileged because spoken by him in good faith to members of the family and as a witness before a church committee, and that said words are true, and it appears from the evidence that the truth or falsity of such words was within the defendant's personal knowledge, and that they related to matters about which he could not be mistaken, he would not be liable if the words were actually true; but if they were actually false, he would be liable, because in that event the element of good faith would necessarily be wanting, and the occasion or the circumstances under which the words were spoken would be no protection.

5. Where on the trial the parties, their counsel and the court all treated the pleas above mentioned as being in no sense pleas of justification, but dealt with them as pleas of privileged communications only, a verdict for the defendant based on those pleas alone, and denominating them pleas of privilege, should be construed as sustaining them only as understood and submitted by the court. Thus construed, the verdict in this case does not find that the alleged slanderous words were true, but in effect finds the contrary. If the words were false, they were, under the evidence, knowingly false, and therefore could not be privileged; if they were true they were justified, and the question of privilege was immaterial. The trial having been conducted under a misapprehension on this point, a new trial was properly granted.

February 1, 1892.

Slander. Justification. Privilege. New trial. Before Judge HARRIS. Heard superior court. March term, 1891.

Action for words, by Mrs. Etchison against her brother Robert Pergerson. In the first count it was alleged that on September 16, 1889, the defendant falsely

and maliciously said of the plaintiff: "I caught Mely (meaning the plaintiff) and Lee (meaning W. C. Lee) in the woods together. I know she is guilty of adultery with Lee, for they have been too intimate." In the second count it was alleged that on November 2, 1889, the defendant, while giving his evidence before a committee of the M. E. Church at Corinth, Ga., falsely and maliciously said of the plaintiff: "Saw her coming down the road until she got near where W. C. Lee turned into the woods, and she went into the woods looking about as if looking for some one. Mrs. Etchison stated she was going to her cotton-patch, when asked by witness who she was looking for; and witness told her there was no use of telling one any such story, that the man she was looking for I had run out of that woods; and she exclaimed, 'O! Bobbie, do not tell it; do not tell Father or Mother.' Witness asked her why she did it, and she said she was paid and persuaded";—thereby meaning that plaintiff followed W. C. Lee in the woods near her father's house at which she was staying, to have criminal intercourse with him, and charging that she admitted or confessed that she had been paid and persuaded by W. C. Lee for him to have carnal knowledge of her person. The defendant pleaded that the allegations and words charged upon are true, and were true at the time they are alleged to have been used. Further, that all of the language used was privileged communications; that the language in the first count was used to his father and mother concerning the conduct and welfare of his sister, not with malice or falsely but in discharge of his domestic duty, for the good of his sister and the honor of his family; and the language in the second count was used in discharge of his moral and religious duty as a member of his church, without malice and truthfully, when *bona fide* testifying in a church trial when called upon to give evidence in the matter involved.

The jury found for the defendant on the plea of privileged communications. The plaintiff's motion for a new trial was sustained on one ground only, and the defendant excepted. The plaintiff excepted to the overruling of the other grounds of the motion. The ground on which a new trial was granted was, that the verdict was contrary to the charge of the court as follows: " While it is true, as between members of the same church enforcing their discipline, whatever a member of the church is called upon to say in the discharge of that moral duty, the communication is privileged; but that privilege does not allow him or extend to him the right to go outside and to attack the character of people who are not members of the church and are not connected with the church. So if you find, gentleman of the jury, Mrs. Etchison was not a member of that church, then I charge you that the fact Mr. Pergerson testified before the committee in reference to Mr. Lee, and at the same time in his testimony charged the plaintiff in this case with adultery, the fact that he was before the church committee would not exonerate him if the plea of justification fails; and I charge you the plaintiff would be entitled, under those circumstances, to recover whatever the evidence shows she has been damaged." It appears from the evidence that Lee was on trial before the church committee on a charge of adultery with the plaintiff, and the defendant, who had been summoned as a witness, there testified that he watched for Lee in the woods near John Pergerson's house; that Lee came up to where he was, and plaintiff went into the woods looking as if she were looking for some one, and when asked by defendant for whom she was looking, she said she was going to her cotton-patch, and he told her there was no use in telling any such a story, that the man she was looking for he had run him out of that woods, and she exclaimed, "Oh! Bobbie, do not tell it; do not tell

Father and Mother!"; that he then asked her why she did it, and she said she was paid and persuaded. Lee was present at that trial, and so were others not members of that church; the trial was public. The plaintiff was not present, nor was she a member of that church.

The other grounds of the motion for a new trial were, that the verdict was contrary to law and evidence; and that the court erred in charging that the plea of justification was no waiver of the defence that the words were privileged, and in refusing to charge to the contrary.

P. H. Brewster, T. H. Whitaker and F. S. Loftin, for plaintiff.

P. F. Smith, Adamson & Jackson and W. H. Daniel, for defendant.

Lumpkin, Justice.

1. Plaintiff below brought suit against her own brother for slanderous words imputing to her a disgraceful crime. The defence was that the words spoken were privileged communications, *and were true.* If defendant spoke the truth of his sister in this case, it was not slander, and therefore it was not actionable to speak it. A plea of privilege, with proper allegations, is available and complete without averring the truth of the words spoken. The *gravamen* of a plea undertaking to combine both of these defences necessarily is *that the words were true,* and accordingly, such a plea should be treated simply as one of justification. The greater includes the less, and hence where the defendant in a slander case says by his plea, "I spoke the words complained of; the occasion was one of privilege authorizing me to do so [setting it forth], and I told the truth," nothing is really material but the last allegation, and defendant must make it good by competent proof. He is not relieved of this responsibility by any averment that it was a privileged occasion. All other allegations are merged into and absorbed by the main, controlling

defence that the words are not actionable because they were the truth, and consequently were justified.

2. Our statute declares that *bona fide* statements, made in the performance of a private duty, either legal or moral, are privileged communications. Code, §2980. The law recognizes the necessity and propriety of an investigation by a church of alleged misconduct on the part of its members; and when one member is a witness before a proper tribunal of the church upon the trial of another, it is his duty to state everything within his knowledge relevant to the matters under investigation. In the *bona fide* discharge of this duty he will be protected. While the privilege of the occasion would not authorize the witness unnecessarily to state facts detrimental to the character or conduct of persons not connected with the church, he may and should state all facts which throw light upon the conduct of the member on trial. The present case affords an apt illustration of the propriety of this ruling. The charge was adultery, and the witness was stating facts tending to show that his brother in the church had committed this offence. This necessarily involved like guilt on the part of some woman, and mentioning her name was indispensable to a full and fair investigation. Besides, it was essential that this be done in order to enable the accused to make his defence. No man or woman can commit adultery alone, and a charge of this sort against one cannot be proved or answered without disclosing the name of the alleged confederate. The testimony of a witness in a church trial against the person accused being privileged, the protection of the occasion extends to the statement of all facts necessary to develop the whole truth. This rule is applicable not only in adultery cases, but in all others when for like reasons its enforcement would be proper. The court below charged, in effect, that *bona fide* statements made by defendant as a

v 83-40

witness before the church committee concerning the alleged misconduct of the member on trial were privileged communications so far only as they related to the accused, and that this occasion would not protect the witness in making statements imputing the crime of adultery to the plaintiff, she not being a member of the church, unless the plea of justification was sustained. A new trial was granted because, in the opinion of the court, the jury found contrary to this charge. We do not, as has been perceived, concur with our distinguished brother of the circuit bench in the correctness of the latter part of this charge, nor do we think a new trial should have been granted for the reason stated, though we are satisfied it should have been granted for other reasons appearing in this opinion.

3. We have shown that the real defence to plaintiff's action made by defendant's pleas was justification. As will be seen in the next division of this opinion, the evidence would not have supported a plea of qualified privilege, if one had been made, disconnected with the defence of justification. The charge quoted in the third head-note, therefore, gave the defendant the benefit of the defence that the words were privileged, when it was neither pleaded as it should have been, nor sustained by evidence. Consequently this charge was erroneous.

4. The truth or falsity of the words spoken by defendant concerning his sister was within his personal knowledge. What he said was either true or knowingly false. If true, the defence of justification was established, and that of privilege was immaterial either as to averment or proof. If knowingly false, the words could not have been spoken in good faith, and therefore, in neither event was the attempted defence that the words were privileged sustained. The defendant told the truth about his sister, or he deliberately slandered her. If his statements were true, his defence is

complete. If not, he is liable, for the reason that under the facts of this record there could have been no good faith in his conduct unless the words were true, and the law does not permit one person to wilfully slander another on any occasion or under any circumstances.

5. On the trial the parties, their counsel and the court, all treated the pleas above referred to as pleas of privileged communications only. The jury so regarded them and so denominated them in their verdict for defendant based upon them. They were really pleas of justification, but the verdict should be construed in the light of the facts just stated. Thus construed, it does not find, that the alleged slanderous words were true. Its effect was rather that they were not true, but spoken in good faith on a privileged occasion. For the reasons stated in the head-notes and in this opinion, this case should be tried again. The trial judge, therefore, did not err in granting a new trial, though he did so for a reason other than those which bring us to the same conclusion.　　　　　*Judgment affirmed.*