### 14275. LANHAM et al. v. KEYS.

STEPHENS, J. 1. Assuming that the doctrine of respondeat superior is not applicable to an action for slander (*Ozborn* v. *Woolworth*, 106 *Ga.* 459, 32 S. E. 581; *Behre* v. *National Cash Register Co.*, 100 *Ga.* 213, 27 S. E. 986, 62 Am. St. R. 320; *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404, 55 S. E. 37, 7 L. R. A. (N. S.) 296), one who has not uttered slanderous words may nevertheless be liable therefor if they were uttered by another in furtherance of a conspiracy to which he was a party. 25 Cyc. 434. The conspiracy may be established by showing that both parties were present when the slanderous words were uttered, and that their utterance by one of the parties was with the consent of the other and in pursuance of a common design and purpose.

(a) Where the party uttering the slanderous words is at the time acting as an employee of a mercantile establishment in the discharge of a duty to detect shoplifters and point them out to a coemployee in authority over him, who makes such disposition of the matter as he sees fit, and where the employee first referred to accosts, in the store where they are employed, a customer who has been detained by the coemployee for some purpose, and, in the latter's presence, publicly accuses the customer of larceny, and the coemployee stands by and makes no objection thereto, the inference is authorized that they are acting in pursuance of a common design and purpose, and that slanderous utterances made by one of the parties are made as a result of a conspiracy for which both of the parties are liable.

2. Although the employee who pointed out the customer as a shoplifter, in uttering the slanderous words to his coemployee, accusing her of larceny, may have acted in the performance of his duty and in pursuance of a matter concerning, and in the protection of, their interests, such communication, if it was unnecessarily made public to customers in the store who were strangers was not, when so made, a privileged communication.

3. In a suit for slander by the customer against both employees, where the petition alleged that the slanderous words were uttered by both defendants, it was not error prejudicial to the defendant who, according to the evidence, had not in fact uttered the slanderous words for the court to submit to the jury a proposition of law based upon a hypothesis that such defendant would be liable for the act of the other defendant, upon the theory of a conspiracy as above indicated.

4. An instruction to the jury that a verdict could not be found for the plaintiff unless both defendants were liable was not prejudicial to either defendant. The defendant who did not in fact utter the alleged slanderous words could not complain of such charge, since it made his liability dependent upon the liability of his codefendant.

5. See, in this connection, *Cole* v. *A. & W. P. R. Co.*, 102 *Ga.* 474 (31 S. E. 107); *Moon* v. *Smith*, 6 *Ga. App.* 649 (65 S. E. 712).

6. The verdict found for the plaintiff against both defendants was authorized, and no error of law appears.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1924.  REHEARING DENIED FEBRUARY 29, 1924.

Action for damages; from Floyd superior court—Judge Wright. January 8, 1923.

Application for certiorari was denied by the Supreme Court.

*Willingham, Wright & Covington,* for plaintiffs in error.

*Lang & Lang,* contra.