## 15535.   McClure Ten Cent Co. v. Humphries.

Stephens, J.   1.   This being a suit in which the plaintiff seeks to recover for physical injuries, wounded feelings, mortification, etc., alleged to have been suffered by her as a result of an assault and battery and a false arrest, alleged to have been committed by the authorized agents of the defendant acting within the scope of their employment, while the plaintiff was rightfully in the defendant's store, where she had gone to make a purchase, which tortious acts are alleged to have been accompanied by a false charge of larceny publicly made against the plaintiff before a large crowd of people present by the defendant, the evidence admitted, being in support of such allegations, was relevant and material; and it appearing that the evidence sustained the allegations in every particular, a verdict finding punitive damages for the plaintiff was authorized.

2.   Where it appears, from the evidence, that the plaintiff, while in the defendant's store, was accosted by a female detective, who accused the plaintiff of larceny and invited the plaintiff to accompany her, which invitation an employee of the defendant, who had in the meantime come up, concurred in, by ordering the plaintiff to accompany the female detective, and in support of the invitation laid hands upon the plaintiff and forced her to accompany him against her will and resistance, the inference is authorized that, whether the female detective was acting in the interest of the defendant or of some other mercantile establishment, such employee of the defendant participated in the transaction in the interest of the defendant, and the inference is authorized that such employee, in aiding in the apprehension of the plaintiff and treating her as having stolen from the defendant, acted within the scope of his authority as agent for the defendant.

3.   While the suit is not predicated upon a violation by the defendant of any duty to afford the plaintiff protection from assault and insult while in the defendant's store, yet the fact that the occurrence complained of took place in a part of the store within the defendant's control was relevant as tending to show that the alleged agents of the defendant, participating in the transaction, were, by reason of being upon the property of the defendant, acting within the scope of their authority as agents of the defendant.

4.   The court properly instructed the jury that there could be no recovery against the defendant based upon any failure of the defendant to afford the plaintiff protection from assault and insult while she was upon the defendant's premises.

5.   The court properly and fairly to the defendant stated all of the contentions of the plaintiff as set out in the petition, including a statement by the court that the plaintiff contended that the female detective who assaulted her was employed by the defendant.   Whatever construction in this respect may have been placed upon this petition in *McClure Ten Cent Co.* v. *Humphries*, 29 *Ga. App.* 524 (116 S. E. 54), this statement of the trial judge was not error, in view of the amendment afterwards made by which the plaintiff struck from the petition certain allegations to the effect that the alleged female detective was employed by an association known as the Atlanta Retail Merchants' Association,

and in view of the precise language of paragraph 12 of the petition, which alleges that the alleged female detective and a man whose name is unknown to the plaintiff "were employed by both defendants herein for the purpose of watching and apprehending petty thieves."

6. A statement by the court to the effect that one of the contentions of the defendant was that the defendant's agent "simply separated these parties [meaning the plaintiff and the female detective] in an effort to preserve peace in the store, which they had a right to do," while inaccurate, in that it is not borne out by the record, was nevertheless harmless to the defendant, since it was favorable to the defendant, and since it does not state that the defendant, in separating the parties, laid hands upon the plaintiff or assaulted the plaintiff, and since the defendant admits having assisted the plaintiff to the basement of the store, and since one of the defendant's employees, who participated in the transaction, testified that he took hold of the plaintiff's arm to so assist her.

7. The court did not, upon the theory that the female detective was not employed by the defendant or acting in the defendant's interest, err in admitting in evidence what she said to the plaintiff when accosting her as indicated. Such evidence was clearly admissible, as it was inferable that her statement was made in the presence of the authorized agents of the defendant and was part of the res gestæ.

8. The plaintiff's innocence of the criminal charge against her being material and being a fact in aggravation of damages, and her protestations of innocence, made at the time of the alleged assault and arrest, being part of the res gestæ, the court did not err in admitting any of the evidence relative to the plaintiff's innocence of the charge.

9. It being undisputed that the female detective was at that time in the employ of the Atlanta Retail Merchants' Association, and that she followed the plaintiff into the defendant's store from another store, it is immaterial that the court excluded evidence to the effect that she was told by an officer of that association, at the other store, to follow the plaintiff.

10. In view of all the circumstances as narrated by the plaintiff, which the jury were authorized to believe, this court can not say that the verdict found for the plaintiff, in the amount of $5600, was excessive.

11. The court ruled fairly to the defendant upon the admission and rejection of testimony. Any requests which were applicable were covered by the charge given. The verdict found for the plaintiff was authorized by the evidence, and no error of law appears.

> Judgment affirmed. *Jenkins, P. J., and Bell, J., concur.*
> Decided February 27, 1925.

Damages; from Fulton superior court—Judge Ellis. February 15, 1924.

Application for certiorari was denied by the Supreme Court.

*Philip Wellner, Elliott Cheatham,* for plaintiff in error.

*Arminius Wright,* contra.