32675.   CAGLE *v.* SAVAGE.

DECIDED OCTOBER 21, 1949.

██

242

*Frank B. Stow, J. E. Palmour Jr.,* for plaintiff in error.
*Johnson & Johnson,* contra.

FELTON, J. ■ The bill of exceptions in this case was presented to the judge on July 7, 1949. On that date the judge signed the following order which appears in the record immediately following the bill of exceptions and preceding the certificate of the judge: "At Chambers, Gainesville, Ga., July 7, 1949. B. D. Savage vs. E. J. Cagle. No. 4285, Hall Superior Court, Injunction and Damages. The foregoing bill of exceptions in the above stated case being presented to me this date; It is hereby ordered: 1. That the plaintiff in the original suit, B. D. Savage, or his attorneys, Johnson & Johnson, be served with a copy of the said bill of exceptions and this order. 2.

That said plaintiff or his attorneys show cause before me in my office in the courthouse in Gainesville, Hall County, Ga., at 10:00 a. m., July 9, 1949 why the said bill of exceptions should not be certified as true, the Clerk of the Superior Court of Hall County ordered to make out and transmit to the Court of Appeals the parts of the record in said case requested in said bill of exceptions and a supersedeas order granted." On July 9, 1949 the judge signed the certificate. Before the judge signed the certificate and on July 7, 1949, counsel for the defendant in error signed the following on the back of the bill of exceptions and certificate: "Georgia, Hall County. Due and legal service of the written bill of exceptions is hereby acknowledged, and copy and all other or further notice or service are hereby waived. This 7th day of July, 1949." The defendant in error moves to dismiss the writ of error for the reason that the final bill of exceptions, including the certificate, was not served and that service was not acknowledged or waived. The motion is denied. If counsel for the defendant in error had only intended to acknowledge service of the notice of intention to present the bill of exceptions they could have done so plainly and without ambiguity. The acknowledgment plainly refers to the bill of exceptions and not to the notice of intention to present.

■ The plaintiff in error contends that the contract is too vague, indefinite and uncertain to be the basis of recovery. There was no demurrer to the petition, and if the contract alleged was defective the defect cannot be reached by a motion for a new trial. As to the merits of such a contention see *Dorsey* v. *Clements*, 202 *Ga*. 820 (44 S. E. 2d, 783, 173 A. L. R. 509).

■ The plaintiff in error also contends that the evidence as to the extent of the damage is too vague, indefinite and uncertain to form a proper basis upon which to arrive at the amount of damages. This contention is without merit. The plaintiff testified that he had already cut 22,000 feet which he was not permitted to saw into lumber; that the minimum value of the timber sawed into lumber was $50 per thousand feet and that his profit was $24 per thousand. This evidence alone authorized the verdict for the plaintiff in the sum of $528.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*