33754. DUCHESS CHENILLES INC. *et al. v.* MASTERS.

Decided November 9, 1951.

824

*Pittman, Hodge & Kinney,* for plaintiffs in error.

*Malcom C. Tarver,* contra.

Sutton, C. J. ■ The motion of the defendant in error to dismiss the writ of error is denied. "The law relative to notice to the opposing party or counsel before certification of a bill of exceptions, or a waiver of such notice, or approval of the averments of fact in a bill of exceptions, did not alter or change the requirements under existing law relative to service, waiver of service, or acknowledgment of service of a bill of exceptions." *Godwin* v. *Atlantic Steel Co.,* 82 *Ga. App.* 391 (61 S. E. 2d, 155). The first portion of the acknowledgment of service in this case was sufficient under existing law to show service of the bill of exceptions in the case. "Where counsel shall acknowledge ser-

vice upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing shall be done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment shall distinctly and specifically state that it is not to be construed as waiving some particular defect then pointed out by him." Code, § 6-912. The second sentence of the acknowledgment of service in this case did not restrict or limit the general acknowledgment of service contained in the other part of the acknowledgment. It enlarged the general acknowledgment of service by approving the recital of the bill of exceptions and by waiving being present when the same was presented to the judge for certification. As stated by this court in the case of *Cagle* v. *Savage*, 80 *Ga. App.* 241, 243 (55 S. E. 2d, 769), "If counsel for the defendant in error had only intended to acknowledge service of the notice of intention to present the bill of exceptions they could have done so plainly and without ambiguity." There is nothing in the entry in the present case to indicate that the acknowledgment of service is not to be taken as a waiver of all defects in its service, and the motion of the defendant in error to dismiss the writ of error is without merit.

■ Under the allegations of count one of the petition, the plaintiff was arrested without a warrant when he was not guilty of any offense under the laws of this State or under any ordinance of the City of Dalton and, without being carried before a committing magistrate, was held under arrest and deprived of his liberty until he and his brother paid to the defendant a sum of money, whereupon the defendant accepted the money and caused or permitted the plaintiff to be released from custody. Under these allegations, the arrest and detention of the plaintiff were clearly illegal. "An arrest for a crime may be made by an officer . . without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code, § 27-207. There is nothing in the petition in this case to indicate that the plaintiff was endeavoring to escape or any reason assigned why there was likely to be a failure of justice for want of an officer to issue a warrant.

It is plainly alleged that the plaintiff had not committed any crime in the presence of the officers. There is nothing in the petition to show any justification for the arrest and detention of the plaintiff without a warrant for his arrest and imprisonment.

"Whoever arrests or imprisons a person without a warrant is guilty of a tort, unless he can justify under some of the exceptions in which arrest and imprisonment without a warrant are permitted by law; and the burden of proving the existence of the facts raising the exception is upon the person making the arrest or inflicting the imprisonment." *Piedmont Hotel Co.* v. *Henderson*, 9 *Ga. App.* 672 (72 S. E. 51). To arrest one illegally and detain him for any length of time is a criminal offense. It is likewise a tort for which an action for damages will lie. If the imprisonment or detention is the act of several persons, they may be sued jointly or severally. *Holliday* v. *Coleman*, 12 *Ga. App.* 779 (78 S. E. 482); Code, § 105-903. "False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." Code, § 105-901. Under the allegations of count one, a cause of action for false imprisonment was alleged, and the trial judge did not err in overruling the general demurrer to this count of the petition. See *Central of Georgia Ry. Co.* v. *Dabney*, 44 *Ga. App.* 143 (160 S. E. 818); *Conoly* v. *Imperial Tobacco Co.*, 63 *Ga. App.* 880 (12 S. E. 2d, 398), and citations.

The case cited and relied upon by the plaintiff in error, *Hammond* v. *D. C. Black Inc.*, 53 *Ga. App.* 609 (186 S. E. 775), is distinguishable on its facts from the present case. In that case the officers acted on their own judgment and initiative in making the arrest and detaining the plaintiff. In the present case, the officers were told that the plaintiff had been stealing goods of the corporate defendant and were summoned to "apprehend petitioner and his said brother in such alleged theft," and after the arrest had been made, the plaintiff was deprived of his liberty until he paid the defendants the sum of money required, whereupon the defendants accepted the money and the plaintiff was set at liberty.

■ ■ We do not think the fact that the plaintiff paid the defendants the money demanded of him for his release from an illegal imprisonment amounted to an accord and satisfaction or

barred his right to maintain an action for false imprisonment. As to whether or not the defendants held the plaintiff for an unreasonable time without carrying him before a committing magistrate, or whether his conduct waived such action, under the allegations of the petition, these are matters for the jury. In this connection, however, see *Piedmont Hotel Co.* v. *Henderson,* supra, at page 682.

■ The plaintiff alleged that certain employees of the defendant corporation "were charged with the duty of disposing of the trash and refuse of said corporation at its said plant and were acting within the scope of their authority in directing, requesting and permitting the removal of said trash and refuse from said plant by petitioner and his said brother.". The defendants demurred specially to these allegations, "because it is not alleged in said paragraph nor elsewhere in the petition who conferred said authority upon said employees on behalf of said corporation." The trial judge did not err in overruling the special demurrer. That one or more of these employees was acting within the scope of his employment was a fact to be proved on the trial by competent evidence, if the same was not admitted by the defendants in their answer. This fact could be proved either by showing specific authority or it might be inferred from all of the facts and circumstances of the case. In this connection, see the Code, §§ 4-301, 4-302; *McClure Ten Cent Co.* v. *Humphries,* 33 *Ga. App.* 523 (2) (127 S. E. 151); *Martin & Hicks* v. *Bridges & Jelks Co.,* 18 *Ga. App.* 24 (88 S. E. 747), and citations.

■ The allegations of count two of the petition are very similar to those of count one, except that the plaintiff alleges that the action is based upon the alleged slanderous remarks of the defendant Nicholas "by direction of and in the exercise of his authority as general manager and principal stockholder in said defendant corporation and while acting in the scope of his authority vested in him by said corporation and by its direction" that the plaintiff and his brother had stolen goods worth $1000 or more from the plant of the corporate defendant. The petition set out the names of three parties, one of whom was an employee of the defendant corporation, who heard the remarks made by the defendant Nicholas, and set out the names of two others who had heard of the alleged slanderous remarks from

others. The defendant filed general demurrers to this count of the petition upon the grounds that the count failed to state a cause of action against the defendants; that the remarks were privileged because made bona fide in the performance of a public duty, or in the performance of a private duty and made with the bona fide intention on the part of the speaker to protect his own interest in a matter where it was concerned; and that the petition showed an accord and satisfaction barring recovery by the plaintiff.

It is well-settled law that words imputing to a plaintiff the crime of larceny are slanderous per se. *Harrison* v. *Pool*, 24 *Ga. App.* 587 (1) (101 S. E. 765), and citations. Where the language used is actionable per se, malice is implied unless the utterance is privileged, in which case the plaintiff must establish malice. In order to make the defense of privilege complete the defendant must show, among other things, a proper occasion for the utterance, and that the publication was limited to proper persons. In the present case, the charge by the defendants that the plaintiff had stolen goods of the defendant corporation worth $1000 or more was made not only in the presence of the police officers but in the presence of at least three other named individuals, who were alleged to be neighbors of the plaintiff. Consequently, it cannot be said in the present case that the petition shows that the communication was privileged. In this connection, see *Ivester* v. *Coe*, 33 *Ga. App.* 620 (127 S. E. 790) ; *Lanham* v. *Keys*, 31 *Ga. App.* 635 (2) (121 S. E. 856). To make the defense of privilege complete in an action for slander, good faith, an interest to be upheld, a proper occasion, and publication in a proper manner and to the proper parties only must appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the party from relying upon the privilege. All these questions are, however, generally questions of fact for a jury to determine according to the circumstances of each case. *Sheftall* v. *Central of Georgia Ry. Co.*, 123 *Ga.* 589, 593 (51 S. E. 646). The allegations of the petition show that the alleged slanderous remarks were uttered by the defendant Nicholas under the authority and by the direction of the defendant corporation. *Hazelrigs* v. *J. M. High Co.*, 49 *Ga. App.* 866 (2) (176 S. E. 814).

The case of *Cochran* v. *Sears, Roebuck & Co.*, 72 *Ga. App.* 458 (34 S. E. 2d, 296), is different on its facts from the present case. In the *Cochran* case, the court held, "The inference to be drawn from a proper construction of the petition is that the defendants were acting in good faith with respect to the alleged slanderous statements and conduct; that the statements were made bona fide in the performance of a private duty and were made with the bona fide intent, on their part to protect their own interest in a matter where it was concerned, and also to protect the interest of the plaintiff and her own children; that the statements were made to proper persons, on proper occasions, and were properly limited in their scope." In the present case, it cannot be said as a matter of law that the statements were made only to proper persons on proper occasions and were properly limited in their scope, where it appears from the allegations of the petition that the alleged statements were heard by three neighbors of the plaintiff, two of whom are not alleged to be employees of the defendants. The trial judge did not err in overruling the general demurrers that the count failed to allege a cause of action and that the alleged statements were privileged.

■ Nor did the court err in overruling the general demurrer that the allegations of count two showed an accord and satisfaction. The fact that the plaintiff may have paid the defendants a sum of money to secure his release from an illegal imprisonment would not be an acknowledgment that the charge made against him was true, or act as an estoppel on the part of such plaintiff to sue to recover the money paid to secure his release from the unlawful imprisonment and to recover damages for slanderous statements made by the defendants in connection with such false imprisonment.

■ The trial judge did not err in overruling the special demurrer of the defendants to count two, that it was not alleged who conferred authority upon the employees of the defendant corporation to permit the plaintiff and his brother to enter the defendants' plant and remove the trash and refuse therefrom. In this connection, see Code, §§ 4-301, 4-302; *McClure Ten Cent Co.* v. *Humphries,* supra; *Martin & Hicks* v. *Bridges & Jelks Co.*, supra.

■ The other grounds of demurrer are not argued in the brief of counsel for the plaintiffs in error and will be treated as abandoned. *Judgment affirmed. Felton and Worrill, JJ., concur.*