34136. VEAZY *v.* BLAIR.

DECIDED SEPTEMBER 13, 1952.

Robert R. Forrester, R. D. Smith, for plaintiff in error.

DeLacey Allen, Steve F. Mitchell, contra.

SUTTON, C.J. The special demurrers to paragraphs 2, 3, and 4 of the petition point out, and the plaintiff in error in his brief contends, that the utterances therein alleged to have been made by the defendant were privileged, as confidential communications between the defendant and the defendant's wife or her father or other members of her family, regarding the marriage relation of the defendant and his wife, in which the persons addressed and the defendant had a common interest, and concerning which relation the defendant was under a duty to make the alleged disclosures. Code § 105-709 (2, 3) provides that the following are deemed to be privileged communications: (2) Statements made "in the performance of a private duty, either legal or moral"; and (3) "Statements made with the bona fide intent, on the part of the speaker, to protect his own interest in a matter where it is concerned." The privilege accorded to the communications mentioned in the above Code section is but a conditional privilege, and in every such case, if the privilege is used merely as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed has a right of action. Atlanta News Publishing Co. v. Medlock, 123 Ga. 714 ·(4), 719 (51 S. E. 756); Lamb v. Fedderwitz, 68 Ga. App. 233, 234 (22 S. E. 2d, 657); s.c., 195 Ga. 691 (25 S. E. 2d, 414); Code,

§ 105-710. "To make the defense of privilege complete, in an action of slander, or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the party from relying on the privilege." *Sheftall v. Central of Georgia Ry. Co.*, 123 Ga. 589, 593 (51 S. E. 646). "The defense of privilege, being affirmative in its nature, can be raised by demurrer only when all the facts essential to its existence appear in the petition." *Bibb v. Crawford*, 6 Ga. App. 145, 147 (3) (64 S. E. 488).

The petition does not show that the slanderous utterances therein alleged were made in good faith, but on the contrary alleges that they were made maliciously, and shows circumstances and threats by the defendant from which his malicious intent may be inferred. The court did not err in overruling the demurrers to paragraphs 2, 3, and 4 of the petition.

■ The special demurrer to paragraph 5 of the petition asserts that the alleged slanderous statement quoted in that paragraph was given as evidence in open court in the trial of an action for divorce between the defendant and his wife, and was therefore privileged, and further points out that it is not alleged that such evidence was voluntary or not in answer to a question propounded to the defendant by counsel. Paragraph 8 of the petition was demurred to on the ground that the alleged remarks were made in open court while the defendant was testifying as a witness, and so were privileged. As stated in *Buschbaum v. Heriot*, 5 Ga. App. 521 (2) (63 S. E. 645): "The circumstances under which testimony is given determine whether the privilege of a witness is absolute or conditional. Generally the testimony delivered in a judicial proceeding and before a court with jurisdiction to consider the questions at issue is absolutely privileged. No actionable liability attaches to a witness for any statement in his testimony (no matter how false or malicious it may be), unless the witness, without being asked, volunteers a false and malicious defamatory statement which is not pertinent, and which the witness neither believes to be true nor has any sufficient reason to believe to be material. The answers of a witness in direct response to questions by counsel (which have

not been forbidden by the court) are absolutely privileged; and though the statements of the witness in testimony thus adduced be not only defamatory and malicious, but knowingly false, a prosecution for perjury is the only redress provided by law." Also see 33 Am. Jur. 174, §§ 181, 182; 53 C. J. S. 180, § 104 (d) (8). "Strict legal materiality or relevancy is not required to confer the privilege; and in determining what is relevant or pertinent the courts are liberal, resolving all doubt in favor of relevancy or pertinency." 53 C. J. S. 171, § 104 (c) (1) (b). "The privilege exists although the publication is with reference to, or concerning, a mere stranger not a party to the suit, provided the publication was relevant or material to the proceeding." 53 C. J. S. 173, § 104 (c) (3). According to the American Law Institute, Restatement, Torts, Vol. III, § 588, the testimony of a witness is absolutely privileged "if it has some relation" to the judicial proceeding in which he is testifying.

It is alleged in the petition that the defendant's testimony was given in open court on the trial of an action for divorce brought against him by his wife. In such an action, the respondent may recriminate (Code, § 30-106), the party sued may plead in defense the conduct of the party suing, and if both parties have been guilty of like conduct, then no divorce shall be granted. Code, § 30-109. Cruel treatment is one of the grounds for divorce (Code, Ann. Supp., § 30-102 (10) ), and it may consist of the "commission of acts which outrage the feelings of modesty and decency, . . persisted in, and unatoned for," and coming to the knowledge, or in the knowledge, of both parties. *Gholston* v. *Gholston*, 31 *Ga.* 625, 634. Also see *Cohen* v. *Cohen*, 194 *Ga.* 573 (22 S. E. 2d, 132). Giving to the defendant's alleged testimony the meaning attributed to it by the petition in the present case, it was to the effect that the defendant's wife was associating and having an unnatural relationship with a prostitute. That the plaintiff's name should be mentioned, as the person with whom the defendant's wife was consorting, was indispensable to a judicial investigation of such conduct. See *Etchison* v. *Pergerson*, 88 *Ga.* 620 (1), 625 (15 ,S. E. 680). It does not appear that the matters testified to by the defendant were unrelated, irrelevant, or impertinent to the subject matter of an action for divorce, and therefore, regardless of the inadmis-

726

sibility of the evidence in paragraph 5 as hearsay, it appears that the defendant's testimony was allowed by the court, and that it was absolutely privileged. It was error to overrule the demurrers to paragraphs 5 and 8 of the petition.

■ The demurrers to paragraphs 6 and 7 of the petition were properly overruled, as these paragraphs did not allege matters essential to the cause of action, but rather alleged matters of inducement and aggravation, such as the defendant's threat to defame the plaintiff, which would tend to show malice. *Atlanta News Publishing Co.* v. *Medlock,* 123 *Ga.* 714 (10) (supra); *Doyal* v. *Nix,* 82 *Ga. App.* 321 (60 S. E. 2d, 802); *Van Gundy* v. *Wilson,* 84 *Ga. App.* 429, 438 (66 S. E. 2d, 93).

■ Code § 105-702 provides in part: "Slander, or oral defamation, consists, first, in imputing to another a crime punishable by law; or second, charging him with . . being guilty of some debasing act which may exclude him from society." There was no demurrer to the petition on the grounds of duplicity, and a cause of action was set out on at least one ground: to state that the plaintiff, a pure and chaste lady of unblemished character, was "a public whore," in the presence of the father of the defendant's wife and other members of her family, was actionable. *Sparks* v. *Bedford,* 4 *Ga. App.* 13 (1) (60 S. E. 809); *Pledger* v. *Hathcock,* 1 *Ga.* 550. The court did not err in overruling the general demurrer.

*Judgment affirmed in part and reversed in part. Felton and Worrill, JJ., concur.*