36075. CAMP, by Next Friend *v.* MADDOX.

D<small>ECIDED</small> M<small>ARCH</small> 8, 1956—R<small>EHEARING</small> <small>DENIED</small> M<small>ARCH</small> 26, 1956.

*Ralph G. Sims, A. W. Van Dyke,* for plaintiff in error.

*Lokey & Bowden, Glenn Frick,* contra.

QUILLIAN, J. ■ While the general demurrer did not indicate the reason, it was insisted that the petition did not set forth a cause of action, and the defendant's brief in this court suggests: (a) That the words alleged to have been spoken of and concerning the plaintiff, in the circumstances they were allegedly uttered, without the aid of innuendo, did not impute a crime to the plaintiff. (b) That the aid of innuendo is not invoked by the allegations of the petition. (c) If the words attributed to the plaintiff did charge the plaintiff with the offense of larceny, or if,

in the light of the circumstances in which they are alleged to have been spoken, reasonably intelligent persons would have understood that they accused the plaintiff of that offense, they were under the same circumstances privileged. The insistence that the defendant's conduct and speech on the occasion referred to in the petition were privileged is based upon the proposition that he was at the time, by his words and acts, protecting his goods. A vague declaration accompanied by acts of its author may assert a particular fact or conclusion more eloquently, positively, and explicitly than all the words at the command of the lexicographer. For a merchant to call a customer who is in the act of leaving the premises back, ask him what he did with an article of the merchant's goods, and demand that he disgorge his pockets, is directly to charge the customer with the offense of larceny.

█ We think that no aid of innuendo was necessary to convey the full meaning and import of the charge of larceny made by the defendant against the plaintiff. Without any modification of our opinion that the words alleged to have been uttered in the circumstances related were of themselves perfectly plain and unmistakable in their meaning, if innuendo—the office of which is to make that apparent that would otherwise be of doubtful meaning—was needed, it was amply supplied by the acts of the defendant merchant accompanying the words attributed to him by the averments of the petition. In order to plead innuendo properly, it is, of course, not necessary to use that particular word, any more than it is required that the words "thief," "stealing," or similar expressions be used, to impute the crime of larceny to another.

We have carefully reviewed the decisions cited and relied upon by able counsel for the defendant (defendant in error here). They are not in conflict with the holding in this case.

The case of *Braden* v. *Baugham*, 74 *Ga. App.* 802 (41 S. E. 2d 581), holds that, where a fellow employee inquired of a clerk in a store as to what he had in his pocket and pointed to the pocket, this alone did not imply that the clerk had stolen the employer's merchandise.

In *Christian* v. *Ransom*, 52 *Ga. App.* 218, 221 (183 S. E. 89), it was held that the threatening to have another who came into the building of his employer arrested, accompanied by the declaration

that he had a right to have the person carried down, was not sufficient to impute any crime to the latter, hence was not actionable defamation. The language used by the employee did not refer to any crime. There are instances, of course, when a person may be arrested who has committed no criminal act. For instance, in possessory warrant, and bail trover proceedings, a person not alleged to have committed any penal offense may be incarcerated. In *Whitley* v. *Newman*, 9 *Ga. App.* 89, 97 (70 S. E. 686), there is a pronouncement that to publish of another that he is short in his accounts does not charge him with larceny after trust. The case turns upon the reasoning that one short in his accounts is not necessarily guilty of having appropriated his employer's money or property unlawfully; that he may account for and pay such shortage.

The distinguishing features of the *Whitley* v. *Newman* case and the instant case are that there the plaintiff could have been as charged "short in his accounts" and still not have been in criminal possession of his employer's money or property; while here, if the plaintiff had been in possession of the "mints," goods of the defendant, his possession would, under the facts alleged in the petition, necessarily have been criminal.

■ We next consider the contention that the petition revealed that the words attributed to the defendant were privileged, in that they were spoken as a part of an investigation conducted by him for the prevention and protection of his property.

At this point it is well to review the nature and scope of the defense afforded to one who asserts defamatory declarations made by him concerning another are privileged communication.

The petition contains the averment that the words uttered by the defendant concerning the plaintiff were false and malicious. Under the holding in *Sheftall* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 589 (5), 593 (51 S. E. 646), false and malicious utterances are not protected as conditionally privileged, it being held: "To make the defense of privilege complete, in an action of slander or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the party from relying on the privilege."

In *Lanham* v. *Keys*, 31 *Ga. App.* 635 (2) (121 S. E. 856), it was held that, "Although the employee who pointed out the customer as a shoplifter, in uttering the slanderous words to his coemployee, accusing her of larceny, may have acted in the performance of his duty and in pursuance of a matter concerning, and in the protection of their interest, such communication, if it was unnecessarily made public to customers in the store who were strangers, was not, when so made, a privileged communication."

The conclusion that the words allegedly spoken by the defendant were false and malicious is supported by the circumstances in which the petition alleges they were uttered.

The proprietor who has probable cause to suspect that another has stolen goods from his store has the right to make a thorough investigation of the matter. He may question the suspect in an orderly manner and even in good faith prosecute him for larceny. But this right, like all other rights secured to the citizen by our laws, must be reasonably and fairly exercised, so as not to infringe upon the rights of others. If in the course of an investigation the owner exposes the suspect to unnecessary publicity, embarrassment, or humiliation, and the latter is proved to be innocent, the owner may be held liable to answer in damages. Accusations that another has committed a crime, recklessly made or asserted, or made with intent to injure the accused, are malicious. *Lanham* v. *Keys*, supra.

In order for imputation of crime to another to be conditionally privileged, it must have been in good faith and without malice. *Veazy* v. *Blair*, 86 *Ga. App.* 721, 724 (72 S. E. 2d 481); *Fedderwitz* v. *Lamb*, 195 *Ga.* 691 (25 S. E. 2d 414).

Privileged communications as recognized by our law are of two classes, those absolutely privileged and others conditionally privileged. It is apparent that the privilege which is relied upon by the defendant, and which he insists was shown to exist by the plaintiff's own testimony, was not a privilege absolute in its nature, but would under some circumstances be a privileged communication. In the case of *Atlanta News Pub. Co.* v. *Medlock*, 123 *Ga.* 714 (3) (51 S. E. 756, 3 L. R. A. (NS) 1139), it is held: "The characteristic feature of absolute, as distinguished from conditional, privilege, is that in the former the question of malice is not open; all inquiry into good faith is closed."

In every case of conditional privilege, if the privilege is used merely as a cloak for venting private malice, and not bona fide in promoting the object for which the privilege is granted, the party defamed has a right of action.

The Supreme Court, speaking through the scholarly and lamented Associate Justice Hines, in a very strong opinion found in the case of *McIntosh* v. *Williams*, 160 *Ga.* 461, 464 (128 S. E. 672), said: "Comments upon the acts of a public officer are privileged. Civil Code (1910), § 4436. But such privilege is not absolute. It is conditional. If used as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed has a cause of action."

It was error to sustain the general demurrer to the petition. *Judgment reversed. Felton, C. J., and Nichols, J., concur.*