## 64495. GENERAL FINANCE CORPORATION OF GEORGIA v. KING.

DEEN, Presiding Judge.

Appellee King brought suit against the finance corporation which had lent money for the purchase of an automobile, repayable in monthly installments. King's testimony was that he owed two car installments totalling $161.99 and that he came to the appellant's office and paid this sum in cash to the cashier, receiving a receipt produced on the trial of the case which showed the payment of the sum in cash. The defendant's office manager, Harold Robinson, testified that their cashier's copy of the payment showed it had been paid by check or money order rather than cash and that after talking with King's wife he was convinced that King, whose custom was to pay his installments in cash, had indeed done so as his receipt indicated. The cashier was later terminated, apparently due to other financial problems arising in the office. Harold Robinson testified that the cashier had maintained that King's account was paid by the money orders, which were discovered to have been stolen. The police were informed. Another person, Detective Robinson, then swore out a warrant upon which King was arrested and charged with the possession of stolen property, and a commitment hearing was held resulting in a judgment that there was no probable cause for the arrest. King then brought this malicious prosecution action against the corporation which, upon a trial, resulted in a substantial verdict in his favor. Defendant's motion for judgment notwithstanding the verdict or in the alternative for a new trial was denied and it appeals.

In spite of the office manager's position that he felt King to be innocent, and his testimony that he did not attempt to influence the criminal proceedings taken out by a police officer, other evidence indicates that the appellant corporation took a different position. King testified several times that he discussed his case with employees of the appellant who said: "I had gave the money orders and they were going to prosecute me to the fullest." Appellee also testified he talked to Mr. Daniels (an employee of appellant) and told him: " 'You must be making a mistake because I come in and paid in cash and I have got a receipt to show it' . . . but he said, 'Well, it's been turned over to the police department now.' He said, 'We are going to prosecute. As far as we are concerned, our copies are the ones that are right.' "

"The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for false

imprisonment or malicious prosecution (*Duchess Chenilles, Inc. v. Masters,* 84 Ga. App. 822, 827 (67 SE2d 600) (1951)); in the latter case there is not. *Hammon v. D. C. Black, Inc.,* 53 Ga. App. 609 (186 SE 775) (1936). It is clear, though, that initiation of the criminal action need not be expressly directed by the party to be held liable. *Webb v. Prince,* 62 Ga. App. 749, 752 (9 SE2d 675) (1940)." *Ginn v. Citizens &c. Nat. Bank,* 145 Ga. App. 175, 178 (243 SE2d 528) (1978). It is clear here that there was a question of fact for jury decision as to whether the appellant, through its employees or some of them, was the instigator of the prosecution, or whether these persons were merely relaying the facts to the law enforcement official who then made an independent decision to arrest or prosecute. This issue was addressed by this court recently in *Melton v. LaCalamito,* 158 Ga. App. 820, 822 (282 SE2d 393) (1981), in which we upheld a jury verdict in favor of the plaintiff on facts similar to those in the present case. After verdict, the evidence is construed in its light most favorable to the prevailing party. *Hilliard v. Canton Wholesale Co.,* 151 Ga. App. 184, 185 (259 SE2d 182) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 13, 1982 —
REHEARING DENIED OCTOBER 4, 1982 — ▮▮▮▮▮▮▮▮

*J. Kevin Buster,* for appellant.
*Joseph M. Todd,* for appellee.