64800. MOSES v. REVCO DISCOUNT DRUG CENTERS OF GEORGIA, INC. et al.

DEEN, Presiding Judge.

Appellant Moses, plaintiff in a malicious prosecution action against Revco and two of its pharmacist employees, appeals the grant of summary judgment to the defendants.

Moses was charged by affidavit of one Cox, an agent of the Georgia Drugs and Narcotics Agency engaged in a routine inspection of the defendant pharmacy's prescription files, with forging a prescription for Schedule II drugs. Another agent, Twilley, proceeded with the investigation, ascertained that the prescription in question was disavowed by the doctor whose name appeared on it, obtained a picture of Moses through the Driver's License Bureau and showed it, along with five other photographs, to the defendant employee Laratta, who identified him as a customer in the shop for whom he had filled prescriptions. Armed with the physician's affidavit that his signature was a forgery, Twilley then swore out a warrant against Moses, who, after commitment and indictment, was tried and found innocent of the charge. This action followed, with Moses charging Revco, Laratta and the other pharmacist, Carroll, with falsely and maliciously accusing and slandering the plaintiff by stating that he had presented the prescription in question, and with

conspiring, making false statements, and withholding information from the law enforcement officials for the purpose of enhancing their false claims as to the plaintiff's alleged criminal conduct.

The motion for summary judgment was accompanied by affidavits from both narcotics agents and both pharmacists. From them it appears without contradiction that the inventory investigation was routine and occasioned by Revco's moving its store location; that there were no inventory shortages; that the prescription for which Moses was arrested was identified by Carroll as having been presented by Moses and that he identified Moses when requested to do so by Cox, but that all statements made by him were made solely for the purpose of truthfully replying to questions from the Georgia Drug Enforcement officials, and made in good faith, and that neither he nor any other person connected with Revco ever encouraged or directed Moses' arrest, nor did they or any of them accuse Moses of having forged the prescription. In his affidavit Agent Twilley, after ascertaining from the physician that the signature was a forgery, "made an independent decision to take out a warrant" for Moses' arrest, and "at no time did John Carroll, Alan Laratta, or any servant, agent, or employee of Revco Discount Drug Centers of Georgia, Inc., encourage or direct affiant to arrest Billy Moses nor did John Carroll, Alan Laratta, or any servant, agent, or employee of Revco Discount Drug Center of Georgia, Inc., intimate or express an opinion as to whether or not Billy Moses was guilty of forgery." Cox filed an affidavit to the same effect which includes a statement that all information furnished by the defendants was provided in response to inquiries made during an official investigation.

The motion was opposed by three affidavits. Moses swore that he had never been treated or received a prescription from the doctor whose signature was forged nor had he presented a prescription signed by him. He also swore he had never lived at 3244 N. Fulton Road. The relevance of this latter statement is unexplained. It might possibly refer to the affidavit of Moses' attorney in the criminal trial who stated that he had, after receiving them from Revco on a notice to produce, examined some 3,000 prescriptions and found one made out to either "Billy Moss" or "Billy Moses" without an address; that he subpoenaed this for the criminal trial and that when delivered at the later date Moses' address had been written in. Thomas Borcher, plaintiff's attorney in the civil suit, gave an affidavit to the effect that he was permitted to inspect the prescription files and found one prescription lacking the address of the recipient.

The evidence has been set out in detail and clearly indicates that the plaintiff in replying to the motion for summary judgment offered nothing to controvert the defendant's position that it had no

connection with the prosecution except to reply in good faith to the inquiry of the narcotics officers. See *Zakas v. Mills,* 148 Ga. App. 220 (251 SE2d 135) (1978). An action for malicious prosecution exists only when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. Code § 105-802. A conflict of evidence on either of these points justifies a jury trial. *General Fin. Corp. v. King,* 163 Ga. App. 717 (294 SE2d 694) (1982). Statements made in good faith to police officers or others investigating criminal activity cannot be the basis of a tort action. *Hardaway v. Sherman Enterprises, Inc.,* 133 Ga. App. 181 (210 SE2d 363) (1974). The court here correctly held that no jury question had been presented.

The trial court correctly refused to admit in evidence on the motion for summary judgment the entire transcript of the prior criminal proceeding. Evidence on motion for summary judgment is generally presented by affidavit. Code § 81A-156. The testimony of witnesses in former legal proceedings is limited to occasions where inaccessibility of the witness is shown, or where it may be useful for impeachment. Code § 38-314. Affidavits should set forth facts admissible in evidence generally. *Coopers & Lybrand v. Cocklereece,* 157 Ga. App. 240, 245 (276 SE2d 845) (1981). It is clear that the testimony of the criminal trial en bloc was not admissible for either purpose.

Neither was it error to exclude a copy of a prescription constituting the only one among some 3,000 which was defective in lacking the address of the recipient, where it was not contended that such prescription had any relation to the antecedent criminal proceeding.

There was no error in granting the motion for summary judgment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 21, 1982.

*Thomas F. Borcher, Kirby G. Bailey,* for appellant.
*Gary L. Seacrest,* for appellee.