67299. RICHARDSON v. KING.

CARLEY, Judge.

In this libel action, appellant-plaintiff appeals from the grant of summary judgment in favor of appellee-defendant.

Appellee was granted summary judgment on the basis that his alleged libel was a conditionally privileged communication. " 'To make the defense of privilege complete, in an action of slander or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear. The absence of any one or more of these constituent elements will, as a general rule, prevent the party from relying on the privilege.' " *Camp v. Maddox*, 93 Ga. App. 646, 649 (92 SE2d 581) (1956). We have reviewed the evidence of record and, after construing it most strongly in favor of appellant, we find that appellee met the burden of proving that his communication was conditionally privileged. See generally *Rucker v. Gandy*, 158 Ga. App. 104 (279 SE2d 259) (1981). Compare *Melton v. Bow*, 145 Ga. App. 272 (243 SE2d 590) (1978), aff'd 241 Ga. 629 (247 SE2d 100) (1978). Appellee's evidence also demonstrated that the communication had not been "used merely as a cloak for venting private malice . . ." OCGA § 51-5-9. See generally *Morton v. Gardner*, 155 Ga. App. 600, 604 (4) (271 SE2d 733) (1980). Appellant's evidence failed to show that a genuine issue of material fact remained for jury resolution. The trial court did not err in granting appellee summary judgment. See generally *McKinnon v. Trivett*, 136 Ga. App. 59 (220 SE2d 63) (1975).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 8, 1984.

G. Michael Agnew, for appellant.

Michael J. Bowers, Attorney General, George P. Shingler, Assistant Attorney General, for appellee.