1177.  MICHAEL, by next friend, *v.* BACON *et al.*

1. An imprisonment resulting from an arrest under a valid warrant,— one neither void nor voidable,—can not be in any case or under any circumstances false imprisonment, and can not give a right of action for damages.

2. A valid warrant can not be based upon allegations in the affidavit therefor which affirmatively show that no criminal offense has been committed. But in an affidavit charging one with the offense of criminal libel, where the language alleged to constitute the libel does not import a crime or misdemeanor, the libelous character of the language can not be determined as matter of law; whether it is a malicious defamation "tending to blacken the honesty, virtue, integrity, or reputation" of the one about whom it is written and published, and thereby "expose him to public hatred, contempt, or ridicule," must be referred to the jury as a question of fact, under all the circumstances of the particular case.

Action for damages, from city court of Albany—Judge Crosland. March 9, 1908.

Argued July 15,—Decided December 22, 1908.

*Wooten & Hofmayer,* for plaintiff.

*Mann & Milner,* for defendant.

HILL, C. J. Michael, by next friend, brought suit in the city court of Albany, against Bacon and the Bacon Equipment Company, to recover damages for malicious prosecution and for false imprisonment. The defendants demurred generally to the petition. Before the hearing of the demurrer, the plaintiff struck from his petition the first count thereof, which claimed damages for malicious prosecution. The court sustained the demurrer to the second count of the petition, which claimed damages for false imprisonment, and dismissed the petition; and to this judgment the plaintiff excepts.

The suit for damages for false imprisonment was based upon the following facts: On June 26, 1907, Bacon made an affidavit before a magistrate, as a basis for a warrant for the arrest of D. A. Michael, charging that he had committed the offense of criminal libel, by maliciously procuring and causing the publication, in the Albany Daily Herald, a newspaper published at Albany, of the following interview and statement: "A few weeks ago a bulletin was placed in the shops, stating that J. McC. Hill had been appointed superintendent of the Bacon Equipment Co. It was learned by the men employed in the shops that the new superintendent had been a scab in a Seaboard strike in Savannah in 1901. The machinists went out that morning, but upon receipt of a telegram affirming the charge that the new superintendent had been a scab, Mr. Bacon stated that under no conditions would he make Hill superintendent. Mr. F. W. McCabe, business agent of the

International Association of Machinists, was sent to Albany from Atlanta about the time, to investigate the matter; and, upon the promise of Mr. Bacon that he would not appoint Hill superintendent, our men went to work. This morning, a few minutes after we went to work, a bulletin was posted stating that Mr. J. McC. Hill had been appointed superintendent. Without a word, as each man read it, he walked out of the building. Mr. Bacon did not live up to his promise; so we could not see our way clear to work under a scab." Upon this affidavit a warrant was issued in the usual form, under which Michael was arrested and placed in the common jail of Bibb county, Georgia. Subsequently, on his appearance for trial before a justice of the peace, the warrant against him was voluntarily dismissed by Bacon, the prosecutor, and the suit for damages followed.

Two questions are presented by the record, for determination: (1) whether, on the allegations of the petition, a suit to recover damages for false imprisonment could be predicated; and (2) whether the affidavit sworn out against Michael as a basis for the warrant set out facts which constitute the offense of criminal libel.

1. "False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." Civil Code, § 3851. It is not alleged that the warrant upon which Michael was arrested was defective or void as to form or substance, or that the officer issuing the same was not fully authorized to do so; but the petition charges that the warrant was not a valid one, because the allegations contained therein were false. Both the affidavit and the warrant appeared to have been in conformity to law. Penal Code, § 335. This being the case, the arrest and imprisonment of Michael thereunder was not a false imprisonment. In the case of *Page* v. *Citizens Banking Co.*, 111 *Ga.* 85, 86 (36 S. E. 423, 51 L. R. A. 463, 78 Am St. R. 144), the Supreme Court says, "'It is a rule of law . . which admits of no exception, that where there is an arrest on a valid warrant—one neither void nor voidable,—it is not a false imprisonment, and no liability is incurred by any person whomsoever, whether immediately or only remotely connected therewith. And the rule applies, no matter how corrupt or unfounded or mistaken the motives which induced the issuance or execution of the warrant may have been.'" "Where the arrest is

by valid process regularly sued out, action for malicious prosecution is the only remedy." *Melson* v. *Dickson,* 63 *Ga.* 862 (36 Am. R. 128) ; *Riley* v. *Johnson,* 13 *Ga.* 260; *Sewell* v. *State,* 61 *Ga.* 496. The case of *Thorpe* v. *Wray,* 68 *Ga.* 359, relied upon by the plaintiff in error to support his contention that the unlawful detention of another, though under a warrant, will give a right of action, if done in bad faith, is distinguished on the facts, by the Supreme Court, in the case of *Page* v. *Citizens Banking Co.,* supra, the court holding in the latter case that the decision in the former case, as shown by an examination of the opinion, was based upon the distinct ground that the warrant was void. The question, therefore, whether there can be an action for damages for false imprisonment where the imprisonment is based on a valid warrant, —one neither void nor voidable,—is not an open question in this State.

2. It is insisted, in the second place, by the plaintiff in error, that the allegations contained in the affidavit upon which the warrant issued, and by virtue of which the plaintiff in error was arrested, show no criminal offense against the laws of Georgia, and, consequently, the warrant was not a valid one, and the arrest and imprisonment of plaintiff in error thereunder was unlawful and false; in other words, that the facts set out in the affidavit and warrant affirmatively show no criminal libel. It is undoubtedly true that where the facts set out in an affidavit and warrant affirmatively show, as matter of law, no violation of any of the criminal laws of this State, and no substantive element of any criminal offense as stated in the affidavit or warrant, the warrant is absolutely void, and an arrest upon it would constitute false imprisonment. *Satilla Mfg. Co.* v. *Cason,* 98 *Ga.* 14 (25 S. E. 909, 58 Am. St. R. 287) ; *McDonald* v. *Sowell,* 129 *Ga.* 242 (58 S. E. 860). The question, therefore, narrows itself to this : Did the words set out in the affidavit upon which the warrant was issued, and upon which plaintiff in error was arrested, charge in substance the offense of criminal libel?

Criminal libel is defined by our Penal Code, § 335, as follows : "A libel is a malicious defamation, expressed either by printing, or writing, or signs, pictures or the like, tending to blacken the memory of one who is dead, or the honesty, virtue, integrity, or reputation of one who is alive, and thereby expose him to public

hatred, contempt, or ridicule." We think that where the language ·of the alleged libel does not import a crime or misdemeanor, its libelous character can not be resolved as a question of law, but must be referred to the decision of the jury, as a question of fact (*Beazley* v. *Reid,* 68 *Ga.* 380); or, as Greenleaf expresses it, ·"Where the intent is equivocal, or the act complained of is not plainly and of itself defamatory, some substantive evidence of malice should be offered." 3 Gr. Ev. (15th ed.) §168. Where the writing is not per se libelous, its libelous character, in the language of Erskine in his celebrated speech on the Rights of Juries, "must wholly depend upon the judgment of the jury, and the tendency of the writing itself to produce such consequences [that ·is, consequences tending to blacken the honesty, virtue, integrity, or reputation of one who is alive, and thereby expose him to public hatred, contempt, or ridicule], when connected with all the cir- ·cumstances which attend its publication." Of course, Lord Erskine was speaking of libel at common law, but the definition of libel recognized at common law is the same as that in our code section supra. *Augusta Evening News* v. *Radford,* 91 *Ga.* 495 (17 S. E. 612, 20 L. R. A. 533, 44 Am. St. R. 53). The language in the present case, in the writing which was alleged to have constituted the criminal libel, charged that Mr. Bacon, the superin- · tendent of the Bacon Equipment Company, had promised his employees not to employ as superintendent one J. McC. Hill, because the employees objected to him on the ground that he had been a "scab" in the Seaboard strike in Savannah, in 1901, and that "Mr. Bacon did not live up to his promise," but, contrary to his promise, did employ the said Hill as superintendent. The question is not for us, but for the jury, and it might be reasonably construed by the jury that this language, in substance, charged Bacon with a falsehood; and it might be reasonably inferred by a jury that to charge a man, in the conduct of his dealings with others, and especially with his employees, with deceiving them and telling them ·a falsehood, did tend to blacken his honesty, virtue, integrity, and reputation, and thereby expose him to public hatred, contempt, or ridicule. As was said by Justice Little, in speaking for the Supreme Court, in *Colvard* v. *Black,* 110 *Ga.* 646 (36 S. E. 82), ·"It is difficult for us to imagine what words would more fully expose a man to public contempt than to publish him as being a

liar." Briefly, we do not think that the court could hold, as matter of law, that the language above noted did not constitute criminal libel. The definition of our code is very broad, and the question must be determined by the jury, under all the circumstances of the case. The affidavit and the warrant allege sufficient facts to have held the defendant to trial before the proper tribunal. Our conclusion is that the judgment of the court sustaining the demurrer and dismissing the petition should be          *Affirmed.*