54679. CUSTOM PANEL SYSTEMS, INC. et al. v. BANK OF HAMPTON.

WEBB, Judge.

In this tort action Custom Panel Systems, a corporation, and Vander Cingel, its president, seek damages against the Bank of Hampton for alleged defamation, and for misappropriation of funds in the corporate plaintiff's account with defendant bank. Their contention is that the bank refused to honor the corporate plaintiff's check for $842 presented for payment on February 11, 1977.

The bank's response is that it held Custom Panel's note for $5,000, that its president, in reliance upon certain information he had received, concluded that the bank was insecure and, pursuant to the terms of Custom Panel's note, caused the due date to be accelerated and the funds on deposit in Custom Panel's account appropriated and applied to the note on January 26. On that date the bank sent to Custom Panel a statement showing this debit against the checking account leaving a zero balance in its account.

The bank countered with its claim for the balance due on the note and attorney fees. Interrogatories and affidavits were filed, and the bank's motion for summary judgment was granted denying recovery to the corporation and Vander Cingel, and awarding judgment

to the bank for the unpaid note balance and attorney fees.

In this appeal by Custom Panel and Vander Cingel two relevant issues are presented, (1) did the bank "in good faith" accelerate the note, and (2) could the note be accelerated and the deposit of the plaintiff corporation be appropriated and applied without notice? Our answer, as was the trial court's, is in the affirmative.

1. The Uniform Commercial Code (Code Ann. § 109A-1—208) provides: "A term providing that one party or his successor in interest may accelerate payment or performance or require collateral or additional collateral 'at will' or 'when he deems himself insecure' or in words of similar import shall be construed to mean that he shall have power to do so only if he in good faith believes that the prospect of payment or performance is impaired. The burden of establishing lack of good faith is on the party against whom the power has been exercised."

Good faith of an individual is something no one other than he can possibly know. *Durrence v. Northern Nat. Bank,* 117 Ga. 385, 389 (4) (43 SE 726) (1903). The burden of establishing "lack of good faith" was upon the plaintiffs, and they failed. On the other hand, the affidavit of the bank's president listed in detail the information and sources which he swore he received upon the basis of which a determination was made that the bank's note was insecure. They were: (1) a legal notice in the Henry County Advertiser of the foreclosure of a security deed from Custom Panel to Small Business Administration; (2) a telephone call from the president of Commercial Bank & Trust Co. in Griffin that approximately $6,000 had been charged off as bad debts of Custom Panel and Vander Cingel; (3) a telephone call from Cash & Carry Building Materials of Griffin that Custom Panel had past due debt of more than $7,000; (4) a telephone call from Doug Durett of McIntosh State Bank, Jackson, reporting that Vander Cingel and Custom Panel were in default on a $10,000 loan; and (5) a telephone call from Hampton Hardware that Vander Cingel owed that business a considerable amount.

Vander Cingel's affidavit fails to join the issue of whether his banker had acted in good faith. He does not deny the publication of the SBA foreclosure notice. He

admits that Commercial Bank & Trust Co. "seized" funds in a corporate account for application on a corporate debt. He does not deny that Doug Durett of McIntosh State Bank contacted the president of Bank of Hampton. He states that he owes nothing to Hampton Hardware, but fails to deny that the corporation owes that creditor or that the call to the bank president was made.

The bank president's statement of conversations upon which he concluded that the bank's position was insecure were admissible. Code Ann. § 38-302. A "lack of good faith" was not established by appellants.

2. The note could be accelerated and the bank account appropriated for application on the note without notice.

The note from Custom Panel and Vander Cingel contains the following: "In the event of nonpayment when due of any amount payable on any Liabilities, or if the Holder shall feel insecure for any reason whatsoever (1) any and all Liabilities may, at the option of Holder and without demand or notice of any kind, be declared and thereupon immediately shall become due and payable, (2) the Holder may exercise from time to time any of the rights and remedies available to Holder under the Uniform Commercial Code as in effect at that time in Georgia, or otherwise available to Holder and (3) the Holder may, at any time, without demand or notice of any kind, appropriate and apply toward the payment of such Liabilities, and in such order of application as the Holder may from time to time elect, any balances, credits, deposits, accounts, items and monies of the undersigned with the Holder." Thus, the parties having so agreed, the bank could accelerate and appropriate. See *Fulton Nat. Bank v. Horn,* 239 Ga. 648 (238 SE2d 358) (1977); Code Ann. § 109A-1—208.

3. Appellants also submitted as an "issue" the bank's authority "to arbitrarily place a 10-day hold on deposits." The deposit to which appellants allude was in the corporate appellant's account on January 26, and the check upon which count one of the lawsuit was predicated was the first and only item presented for payment after January 19. As the trial judge so properly ruled, that issue was rendered moot.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED OCTOBER 28, 1977.

*Scott Walters, Jr.,* for appellants.
*Smalley & Cogburn, John M. Cogburn, Jr.,* for appellee.