## 54314. GINN v. CITIZENS & SOUTHERN NATIONAL BANK et al.

SMITH, Judge.

The appellant, Ginn, sued the C & S National Bank and one of its loan officers, appellees, for conversion and trespass, false imprisonment, and malicious prosecution. The court granted summary judgment, on all the counts, in favor of both appellees. The appellant contends that summary judgment was improper, there remaining material issues of fact, and we agree as to all but the false imprisonment claim. Thus, the judgment is reversed in part.

The controversy centers around an installment loan the appellant obtained from the bank, which loan was secured by an automobile purchased with the proceeds. Basically, the bank contends that circumstances came to its attention and lead it to conclude that the appellant had falsified his loan application. On the other hand, the appellant contends that the bank was aware of all material facts relative to the loan application and that he had truthfully answered all questions. In either event the bank declared the loan in default, accelerated the debt obligation, and entered onto appellant's property to repossess the automobile, all this without notice to appellant and before the first installment payment was due. The appellant, upon discovering the repossession, contacted the loan officer, who asked the appellant to come to his office to discuss the situation. Upon arriving at the bank, the appellant was greeted by the loan officer and two agents of the Federal Bureau of Investigation. After an extended interview, the FBI agents reported the substance of the loan officer's statements and the appellant's statements to an Assistant United States Attorney, who authorized the appellant's arrest. The

appellant was indicted, tried, and acquitted on the federal charges of supplying false information to a bank for the purpose of obtaining a loan. The appellant, contending that no false information was provided but that the loan officer pursued the repossession and criminal prosecution maliciously to satisfy a personal vendetta, brought this action. *Held:*

1. Summary judgment in the appellees' favor as to the conversion and trespass claim was error because there remain issues of fact as to whether a default, upon which the repossession was predicated, actually occurred. To support the declaration of default, the bank relies on terms of the loan agreement which provide that the note may be declared in default (1) if there was a false statement of information pertaining to the loan application or (2) if the holder deems the obligation insecure for any reason. As to either of these options there are material issues of fact yet to be resolved.

On the question of whether the appellant supplied false information to the bank, the testimony by deposition, from the appellant on one hand and the loan officer on the other hand, is sharply contrasting. The contrast cannot be resolved without resorting to judgment of credibility, and such judgments are not for the court to make on a motion for summary judgment. It is particularly noteworthy that the appellant was acquitted on the federal indictment charging him with providing false information.

On the question of the bank, as holder of the note, deeming the obligation insecure, there is an issue of fact concerning whether the bank was acting in good faith. A determination of insecurity is necessarily a matter within the discretion of the bank, but it is clear under both general contract principles and the specific provisions of the U. C. C. that this discretion must always be exercised in good faith. The contract principle is that "where a decision is left to the discretion of a designated entity, the question is not whether it was in fact erroneous, but whether it was in bad faith, arbitrary, or capricious so as to amount to an abuse of that discretion." *MacDougald Const. Co. v. State Hwy. Dept.,* 125 Ga. App. 591 (188 SE2d 405) (1972). Likewise, this good faith requirement is

codified in U.C.C. § 1-208 (Code Ann. § 109A-1—208): "A term providing that one party or his successor in interest may accelerate payment on performance or require collateral or additional collateral 'at will' or 'when he deems himself insecure' . . . shall be construed to mean that he shall have power to do so only if he in good faith believes that the prospect of payment or performance is impaired." Good faith means "honesty in fact." U.C.C. § 1-201 (19) (Code Ann. § 109A-1—201 (19)). Thus, the material issue of fact is not whether the loan was in fact insecure, but whether, in determining the loan insecure, the bank acted honestly, in good faith, and not arbitrarily or capriciously. The evidence in the record leaves this issue hotly contested, and the contest must be resolved by the trier of fact. "Good faith . . . is always a question for the jury. Even though the party may swear he acted in good faith, the jury may decide he acted in bad faith from consideration of facts and circumstances in the case." *Hodges v. Youmans,* 129 Ga. App. 481 (200 SE2d 157) (1973).

2. Summary judgment in the appellees' behalf was proper as to the count alleging false imprisonment. The record contains no support for the allegation that either appellee played a role in detaining the appellant in the bank office prior to the formal arrest. Although "[a]ny restraint, however slight, upon another's liberty to come and go as he pleases constitutes an arrest" (*Turney v. Rhodes,* 42 Ga. App. 104 (1) (155 SE 112) (1930)), and although there are factual questions as to whether the appellant was illegally restrained in the bank office, the appellant himself admitted that the alleged restraint was imposed by the FBI agents, not by the loan officer. Finally, though there exists a question of fact as to whether the bank instigated the ultimate formal arrest of the appellant, there is no question but that the formal arrest was pursuant to valid federal process. "If a warrant or process is valid, malicious arrest or malicious prosecution is the exclusive remedy, and an action for false imprisonment will not lie." *Lovell v. Drake,* 60 Ga. App. 325 (3 SE2d 783) (1939).

3. It was error to grant the appellees' motion for summary judgment as to the malicious prosecution claim.

It appears without dispute that a criminal prosecution was instigated against the appellant and that he was thereafter acquitted by a federal district court jury. However, questions of fact remain as to whether the bank or its officer instigated those proceedings, and, if so, whether they lacked probable cause to do so. The motion for summary judgment was based on the bank's contention that the FBI officers, not the bank, caused the arrest and initiated the prosecution.

The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for false imprisonment or malicious prosecution (*Duchess Chenilles, Inc. v. Masters,* 84 Ga. App. 822, 827 (67 SE2d 600) (1951)); in the latter case there is not. *Hammon v. D. C. Black, Inc.,* 53 Ga. App. 609 (186 SE 775) (1936). It is clear, though, that initiation of the criminal action need not be expressly directed by the party to be held liable. *Webb v. Prince,* 62 Ga. App. 749, 752 (9 SE2d 675) (1940). Thus, the rule applicable to this case is succinctly stated in 1 Harper and James, Law of Torts, 306: "A distinction must be taken between actually instigating or procuring the institution of criminal proceedings and merely laying information before a law enforcement official without in any way attempting to influence his judgment. Of course, if the informer knew that the facts stated were false, it is clear that he attempted to influence the officer's judgment and he is, therefore, responsible for such subsequent action as may be taken."

The record reveals a factual controversy as to whether the bank's officer relayed to the FBI agents information which he knew to be false, misleading, or materially incomplete. A jury *could* conclude from these facts that the bank officer knew that his information was erroneous, that he thereby attempted to influence the agents, and therefore that he and the bank are liable for instigating the prosecution. Admittedly, close scrutiny of the depositions of the appellant and the bank officer may make it seem unlikely that the appellant's version of the

facts would prevail before a jury. But the movant for summary judgment carries the burden to eliminate material issues of fact, and where material issues can be eliminated only by making credibility judgments, the movant has not met his burden. *Ash v. Spear,* 137 Ga. App. 12 (223 SE2d 26) (1975).

4. Accordingly, the order granting summary judgment is affirmed only insofar as it deals with the count alleging false imprisonment. In all other respects, the judgment was erroneous and is reversed.

*Judgment affirmed in part and reversed in part. Bell, C. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED FEBRUARY 7, 1978 — REHEARING DENIED MARCH 8, 1978.

*Zachary & Segraves, Thomas F. McNally, Jr.,* for appellant.

*Carter, Ansley, Smith & McLendon, Robert A. Barnaby, II,* for appellees.