## 59010. FIRST BANK OF SAVANNAH v. KILPATRICK-SMITH CONSTRUCTION COMPANY, INC. et al.

SHULMAN, Judge.

Defendant-First Bank of Savannah (hereinafter "Bank") brings this interlocutory appeal from an order denying its motion for summary judgment. We reverse.

Plaintiffs were the makers and guarantors of certain notes held by defendant-bank. Deeming itself insecure on two of such notes, defendant accelerated the due date of the loans in accordance with the provisions of the notes, debiting plaintiff-corporation's checking account in the amount owing. Plaintiffs brought suit against defendant in tort, claiming damages on the basis of defendant's alleged wrongful seizure and conversion of corporate funds. The issue raised on appeal is whether or not genuine issues of material fact exist in regard to defendant's good faith (or lack thereof) in deeming itself insecure. See Code Ann. §§ 109A-1—208 and 109A-1—201 (19).

We hold, in accordance with appellant's assertions, that plaintiffs have failed to meet their burden of proof on the issue of good faith and that no question of fact thus exists on this issue. Since plaintiffs failed to join the issue of the bank's good faith, the trial court's denial of defendant's motion for summary judgment (which judgment was apparently based on the trial court's determination that genuine issues of fact existed as to appellant's good faith or lack of good faith) must be reversed.

1. Appellees contend that a determination of good faith is necessarily an issue for jury resolution and that,

therefore, the court correctly denied defendant's motion for summary judgment.

When, as in the case at bar, the issue of good faith is not properly joined by the party asserting the lack of good faith, the party asserting its good faith may be granted summary judgment on such issue. *Custom Panel Systems, Inc. v. Bank of Hampton,* 143 Ga. App. 681 (1) (239 SE2d 558). See also *First Nat. Bank v. Appalachian Indus., Inc.,* 146 Ga. App. 630 (1) (247 SE2d 422). *Ginn v. C. & S. Nat. Bank,* 145 Ga. App. 175 (1) (243 SE2d 528), does not require a contrary result, as the court found in *Ginn* that the issue of the bank's good faith was "hotly contested." Id., p. 177.

2. Even assuming that "good faith" does not in and of itself present a question for the jury, appellees contend that the issue was properly joined by their evidence of defendant's lack of good faith. We cannot agree.

The uncontradicted evidence showed that plaintiffs themselves informed officers of the defendant-bank that they would be unable either to pay the notes as they became due or put up additional collateral to secure payment. The plaintiffs' own statements in regard to their inability to pay such notes were bolstered by information received by the defendant from the Citizens & Southern Mortgage Company that plaintiffs were in default on a loan to that company in excess of $100,000, and information received by Hamilton Mortgage Company that plaintiffs had loans of five and six figures outstanding to that company. It was upon such information that defendant contends it properly and in good faith deemed itself insecure. See, e.g., *Custom Panel Systems,* supra.

On the other hand, appellees claim that defendant's lack of good faith was demonstrated by the fact that there had been no change in plaintiff-corporation's financial status since the last time the notes had been renewed (90 days previously). Therefore, appellees argue, the bank's decision to deny another renewal was obviously arbitrary and capricious.

Even if the financial status of appellee-corporation had not changed since the bank's previous renewal of appellee's 90-day notes, the fact that the bank declined to continue to renew such notes does not manifest its lack of good faith. The bank's previous renewal of the notes could

have been made in spite of the fact that the bank may have deemed itself insecure. The bank could simply have elected, regardless of its insecurity, to provide plaintiffs with an opportunity to pay off the notes from appellee-corporation's continued earnings, the bank subsequently deciding in light of information received from plaintiffs and others that it would no longer be in the bank's best interest to renew such notes and risk further insecurity.

Contrary to appellees' assertions, the fact that the bank itself may have been financially unstable likewise does not evince defendant's lack of good faith, but, indeed, provides support for the bank's action in accelerating payment of notes it deemed insecure.

Nor do appellees' contentions that appellant failed to notify them of its intentions to accelerate the due dates on the notes support appellees' assertions of appellant's lack of good faith. Since the terms of the parties' loan agreement provided that such action could be taken without notice (see *Fulton Nat. Bank v. Horn*, 239 Ga. 648 (238 SE2d 358); *Custom Panel Systems*, supra, Division 2), the fact that the bank acted accordingly does not give rise to the inference that defendant lacked good faith.

Since plaintiffs failed to meet their burden of proof on the issue of defendant's lack of good faith, the court improperly denied defendant's motion for summary judgment.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED
JANUARY 18, 1980.

*Walter C. Hartridge, Leamon R. Holliday,* for appellant.

*Aron G. Weiner, Ronald E. Ginsberg,* for appellees.