61427. WAHLQUIST v. LANIER BUSINESS PRODUCTS, INC.

QUILLIAN, Chief Judge.

The plaintiff appeals the grant of defendant's motion for summary judgment. According to the averments of the complaint, the plaintiff purchased a box of Lanier dictaphones for $225.00 at a flea market. On the day following the purchase, the plaintiff called several business products companies, including Lanier, to ascertain the value of his purchase. A few days later the plaintiff placed an advertisement in the Atlanta Journal-Constitution. This advertisement was seen by agents of Lanier who made arrangements with the plaintiff to come to his home and look over the advertised equipment. The agents for Lanier viewed the equipment at the plaintiff's home, ascertained the serial numbers and subsequently proceeded to the Clayton County Police Department where they furnished the police with information which led to the issuance of a warrant to arrest the plaintiff for theft by receiving stolen property.

The plaintiff was arrested and placed in jail where he remained for several hours before his release on bond. Subsequently, after a hearing before the Justice of the Peace, and upon recommendation of the arresting officer, all charges against the plaintiff were dismissed. Thereupon the plaintiff filed suit seeking to recover damages from the defendant Lanier for malicious arrest and abuse of process, for malicious prosecution and for malicious and negligent false imprisonment.

The defendant answered denying the material allegations of the complaint. After discovery, the defendant moved for summary judgment based on two affidavits by police officers of the Clayton County Police Department.

The plaintiff's two enumerations of error are addressed to the

issues of whether the trial judge erroneously granted the motion for summary judgment as to the causes of action for malicious arrest and for malicious prosecution. Since actions for malicious arrest and malicious prosecution are essentially of the same nature (*Waters v. Winn,* 142 Ga. 138 (82 SE 537)), we consider the essential question of whether the defendant eliminated all genuine issues of material fact with regard to the action for malicious prosecution. *Held:*

In *Ginn v. Citizens &c. Nat. Bank,* 145 Ga. App. 175, 178 (243 SE2d 528), this court held: "The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for false imprisonment or malicious prosecution (*Duchess Chenilles, Inc. v. Masters,* 84 Ga. App. 822, 827 (67 SE2d 600) (1951)); in the latter case there is not. *Hammond v. D. C. Black, Inc.,* 53 Ga. App. 609 (186 SE 775) (1936). It is clear, though, that initiation of the criminal action need not be expressly directed by the party to be held liable. *Webb v. Prince,* 62 Ga. App. 749, 752 (9 SE2d 675) (1940). Thus, the rule applicable to this case is succinctly stated in 1 Harper and James, Law of Torts, 306: 'A distinction must be taken between actually instigating or procuring the institution of criminal proceedings and merely laying information before a law enforcement official without in any way attempting to influence his judgment. Of course, if the informer knew that the facts stated were false, it is clear that he attempted to influence the officer's judgment and he is, therefore, responsible for such subsequent action as may be taken.' "

In the case sub judice the proof offered by the defendant would tend to show that its agents merely relayed facts to the police officers who then made an independent decision to arrest or prosecute. However, as counsel for the defendants conceded during argument before the trial judge, there was no proof offered as to whether the agents for Lanier knew the facts which they stated were false. Hence, it was not conclusively established that they did not maliciously influence the officers' judgment, thereby incurring responsibility for subsequent action.

On summary judgment the defendant, as movant, had the burden of eliminating all material issues of fact including those issues on which the burden would have rested on the plaintiff had the case gone to trial. *Lansky v. Goldstein,* 136 Ga. App. 607 (1) (222 SE2d 62); *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429). The defendant in this case having failed to meet this burden, summary judgment in its favor was therefore erroneous.

*Judgment reversed. Pope, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED APRIL 9, 1981.

*H. Burton Crews, David A. Handley,* for appellant.
*Jack O. Morse, Martin L. Fierman,* for appellee.