63853. WAHLQUIST v. LANIER BUSINESS PRODUCTS, INC.

QUILLIAN, Chief Judge.

This is the second appearance of this case in our court. For the basic factual background see *Wahlquist v. Lanier Business Products, Inc.,* 158 Ga. App. 272 (279 SE2d 721).

In that case we pointed out the following legal maxim: " 'A

distinction must be taken between actually instigating or procuring the institution of criminal proceedings and merely laying information before a law enforcement official without in any way attempting to influence his judgment. Of course, if the informer knew that the facts stated were false, it is clear that he attempted to influence the officer's judgment and he is, therefore, responsible for such subsequent action as may be taken.' " Since the burden was upon the movant to eliminate all material issues of fact, we reversed the grant of summary judgment for the defendant since it failed to establish whether its agents knew the facts they stated were true or false.

After the return of the case to the trial court defendant introduced additional proof by way of an affidavit and an exhibit and again moved for summary judgment. This motion was granted by the trial judge and appeal followed. *Held:*

The question presented on appeal is whether the additional proof offered served to eliminate the sole material issue remaining, to wit: did the Lanier agents furnish truthful information to the officers? The affidavit by a Mr. Burros, a district manager of the defendant, outlined the information given to the officers, vouched for the truthfulness of such information and denied any activity other than relaying facts to the officials who made an independent decision to prosecute.

The plaintiff urges the following to discredit the affiant Burros. The affidavit recites: "9. After relaying the above information to the Clayton County Police Officer, deponent and other employees of defendant had no further involvement in the subsequent developments, including the search of plaintiff's home and the arrest of plaintiff by the officers of the Clayton County Police Department. No other information was given to the officers of the Clayton County Police Department by employees of defendant other than that information set forth above. All information given to the Clayton County police officials by employees of defendant including deponent was true and accurate. Deponent or any other employee of defendant, Lanier Business Products, Inc. had no further contact in any manner whatsoever with plaintiff." The police "incident report" filled out by an officer Pinson was attached as an exhibit. It related: "On arrival I talked to Mr. Don Burros. He advised that on a shipment which left Stone Mtn. warehouse on 9-7-79 had arrived short 13 dictating machines and 2 cases (100) cassettes. Value $8597. A check of other stores showed the items had not shown up. Mr. Charles Dren (vice president) found a want-ad in the 12-2-79 Atlanta Journal for similar equipment and through channels the information was given to Mr. Burros. Mr. Burros then contacted the subject in the

want-ad and arranged to meet the subject at 8182 Sussex Dr. He met with a subject claiming to be a Mr. Whalquest [sic] who showed him 3 dictating machines. Mr. Burros noted the serial numbers and confirmed the numbers were from missing machines. At that point he called the Police. After receiving call and getting information of theft and location of stolen property, I contacted Lt. Brown and Sgt. Ricks for assistance. Myself and Mr. Burros then went to Clayton County Police Station (Mt. View) where the search warrant was filled out. Then had search warrant validated by Judge Roberts. At this time myself, Sgt. Ricks, and Lt. Brown proceeded to 8182 Sussex Dr." The plaintiff argues that this raises a material issue as to affiant's credibility and tends to show he did actively urge a criminal prosecution.

We do not so interpret the proof. Since the affidavit made no mention of whether the information was furnished for a search warrant or not, the "incident report" is not contradictory thereof. Moreover, nothing in the "incident report" tends in any manner to dispute, but actually substantiates, the fact that the information furnished was truthful and in no way embellished or slanted.

The affidavit here eliminated the last vestige of an issue of material fact. It then became incumbent upon the plaintiff to offer contrary proof or suffer judgment. *Meade v. Heimanson,* 239 Ga. 177, 178 and 180 (236 SE2d 357). Having failed to do so, the plaintiff cannot complain that the trial judge granted summary judgment to the defendant.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MAY 6, 1982.

*H. Burton Crews,* for appellant.
*Jack O. Morse, David A. Handley,* for appellee.