70206. PERRY v. BROOKS et al.
(332 SE2d 375)

CARLEY, Judge.

Appellant-plaintiff filed a complaint against appellee-defendants, ostensibly alleging claims for malicious arrest, false imprisonment, malicious prosecution, and libel. Appellees answered, denying the material allegations of the complaint. After discovery, appellees moved for summary judgment. A hearing was conducted and summary judgment was granted in favor of all appellees.

1. Appellant first asserts that the instant case must be reversed because the trial court's order does not expressly indicate that the entire record was considered before summary judgment was granted in favor of appellees. This argument has previously been considered and rejected. See generally *Eunice v. Citicorp Homeowners*, 167 Ga. App. 335 (2) (306 SE2d 395) (1983).

2. The evidence of record demonstrates that appellant was arrested pursuant to "a criminal process, valid on its face. . . ." *Grist v. White*, 14 Ga. App. 147 (2) (80 SE 519) (1913). "If a warrant or process is valid, malicious arrest or malicious prosecution is the exclusive remedy, and an action for false imprisonment will not lie. [Cits.]" *Lovell v. Drake*, 60 Ga. App. 325 (3 SE2d 783) (1939). See also *Page v. Citizens' Banking Co.*, 111 Ga. 73, 74 (7) (36 SE 418) (1900); *Michael v. Bacon*, 5 Ga. App. 331 (1) (63 SE 228) (1908); *Mathews v. Murray*, 101 Ga. App. 216 (1) (113 SE2d 232) (1960). Thus, insofar as appellant's complaint could be construed as asserting a claim for false imprisonment, summary judgment was correctly granted in favor of appellees. *Stephens v. Big Apple Supermarkets*, 130 Ga. App. 841, 842 (2) (204 SE2d 805) (1974).

3. "If a criminal process is sued out without probable cause, and an arrest is made under it, the remedy of the accused depends on whether or not he is actually prosecuted under the warrant. If after

the arrest the warrant is dismissed or not followed up, the remedy is for malicious arrest. But if the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for malicious arrest will not lie. [Cit.]" *Barnes v. Gossett Oil Co.*, 56 Ga. App. 220 (1) (192 SE 254) (1937). Malicious prosecution and malicious arrest "are mutually exclusive; if one right of action exists, the other does not." *Smith v. Embry*, 103 Ga. App. 375 (3) (119 SE2d 45) (1961). The record demonstrates that appellant was actually tried and acquitted of the crime of theft by taking. Accordingly, his right of action is for malicious prosecution and it was not error to grant summary judgment in favor of appellees as to a claim for malicious arrest.

4. With reference to malicious prosecution, "[i]t is well-settled law that . . . there must be a concurrence of malice and want of probable cause. [Cits.]" *Campbell v. Tatum*, 71 Ga. App. 58, 60 (30 SE2d 56) (1944). "Actions for malicious prosecution are not favored. [Cits.] While the action will be strictly guarded and the circumstances on which it is based must be accurately stated ([cit.]), and 'all proper guard and protection should be thrown around those who, in obedience to the mandates of duty, may be compelled to originate and carry on a criminal prosecution,' the courts 'should not discourage actions for malicious prosecutions by establishing harsh rules of evidence, or by the rigid principles of law, by force of which a party may be deprived of an important remedy for a real injury.' [Cit.]" *Price v. Cobb*, 63 Ga. App. 694, 698 (11 SE2d 822) (1940).

Appellees Deborah and Lonnie Brooks assert that their affidavits demonstrate the existence of probable cause to initiate and carry on a prosecution of appellant for theft by taking. In their affidavits, appellees Brooks state that they actually observed appellant take property from the fenced and apparently closed premises of a business where appellant had formerly been employed. If undisputed, it is clear that the fact of the Brooks' personal observation of appellant's acts under the circumstances that they assert existed would establish the existence of probable cause. However, appellant's counteraffidavit specifically denies that he ever took any property from the premises. Indeed, appellant's counteraffidavit denies the existence of every fact upon which appellees Brooks base their assertion of probable cause. "In malicious prosecution actions '[w]ant of probable cause is a question for the jury, under the direction of the court. The question of probable cause is a mixed question of law and fact. *Whether the circumstances alleged to show probable cause existed is a matter of fact. . . .*' [Cit.]" (Emphasis supplied.) *Melton v. LaCalamito*, 158 Ga. App. 820, 823 (282 SE2d 393) (1981). Since appellant denied the existence of the facts upon which appellees Brooks base their assertion of probable cause, there are genuine issues of material fact re-

maining for jury resolution. See *Ginn v. C & S Nat. Bank*, 145 Ga. App. 175, 177 (3) (243 SE2d 528) (1978). Compare *Smith v. Ragan*, 140 Ga. App. 33, 34 (2) (230 SE2d 89) (1976); *Wahlquist v. Lanier Business Prods.*, 162 Ga. App. 286 (291 SE2d 118) (1982).

Appellees Brooks assert, however, that there can be no liability for malicious prosecution if an individual merely makes a report of a suspected crime to law enforcement and prosecutorial officials who recommend the swearing out of a warrant and who then seek and obtain an indictment. The principle of law to the effect that the independent actions of prosecutorial officers constitute a defense to a malicious prosecution claim is predicated upon the giving of a report that is a *good faith and truthful* communication of " 'all facts known to the [in]former in relation to a criminal charge against another . . . .' [Cit.]" *Spratlin v. Manufacturers Acceptance Corp.*, 105 Ga. App. 463, 464 (125 SE2d 110) (1962). If the informant " 'gave information which he knew to be false and so unduly influenced the authorities, he may be held liable.' " *Melton v. LaCalamito*, supra at 822. "The return of an indictment by the grand jury investigating the alleged offense is . . . prima facie, but not conclusive, evidence of the existence of . . . probable cause." *Darnell v. Shirley*, 31 Ga. App. 764, 765 (7a) (122 SE 252) (1924). An indictment, if procured on false testimony, is no evidence whatsoever of probable cause. See *Price v. Cobb*, supra at 702. As noted above, appellant's counteraffidavit disputes the existence of every fact reported by appellees Brooks as true. Thus, the veracity of appellee Brooks' reported information which initiated appellant's prosecution is in dispute. Compare *Spratlin v. Mfg. Acceptance Corp.*, supra; *El-Amin v. Trust Co. Bank*, 171 Ga. App. 35 (318 SE2d 655) (1984). Accordingly, the fact that appellees Brooks made a report to officials who then arrested, sought the indictment of and subsequently prosecuted appellant does not authorize the grant of summary judgment in their favor. At trial, the burden will be on appellant to prove that appellees Brooks had no probable cause. On summary judgment, the burden was on appellees Brooks to prove the existence of probable cause. On the record before us, that burden has not been met by appellees Brooks. "[W]here material issues can be eliminated only by making credibility judgments, the movant has not met his burden. [Cit.]" *Ginn v. C & S Nat. Bank*, supra at 179. There being a genuine issue of material fact as to the existence of *any* probable cause, the issue of appellees Brooks' malice has likewise not been eliminated from the case. Malice may be inferred from a total lack of probable cause. See *Darnell v. Shirley*, supra at 764 (3).

With regard to appellees Howell and Bailey, however, the record demonstrates no basis for their *individual* liability to appellant on a malicious prosecution claim. It appears that they took no personal ac-

tion with regard to the initiation of the prosecution of appellant, and after appellant's arrest, they acted solely in their capacities as agents of appellee Bruce Engineering Company, the alleged victim of appellant's crime. Although evidence of appellees Howell's and Bailey's actions would be sufficient to demonstrate that appellee Bruce Engineering Company ratified the actions of appellees Brooks and thus sufficient to preclude the grant of summary judgment to the corporate appellee (see *Segars v. Cornwell*, 128 Ga. App. 245, 249 (4) (196 SE2d 341) (1973)), it would not be such as to authorize a finding of their personal liability.

Accordingly, with regard to the malicious prosecution claim, the grant of summary judgment in favor of appellees Brooks and Bruce Engineering Company is reversed, and the grant of summary judgment in favor of appellees Howell and Bailey is affirmed.

5. Appellant also asserts that the trial court erred in granting summary judgment on his libel count. Appellant asserts that he was libeled in a letter written by appellee Bruce Engineering Company to its insurer regarding the alleged theft of its property. Our review of the communication to the insurer demonstrates that it was privileged and nonactionable. See generally *Auer v. Black*, 163 Ga. App. 787 (294 SE2d 616) (1982).

6. The grant of summary judgment in favor of appellees Howell and Bailey is affirmed as to all claims. The grant of summary judgment in favor of appellees Brooks and Bruce Engineering Company is affirmed as to all claims except that for malicious prosecution.

*Judgment affirmed in part and reversed in part. Sognier, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED JUNE 7, 1985.

*J. Eugene Wilson*, for appellant.
*Steven L. Head, H. Lowell Hopkins*, for appellees.