**Donald BOYLE, et al., Appellants,**

**v.**

**AMERICAN SECURITY BANK, Appellee.**

**No. 86–455.**

District of Columbia Court of Appeals.

Argued July 14, 1987.

Decided Oct. 15, 1987.

sis for the determination that appellant was not

Stephen O. Hessler, Washington, D.C., for appellants.

James E. Tompert, with whom Joseph M. Cahill, Washington, D.C., was on the brief, for appellee.

Before PRYOR, Chief Judge, and MACK and NEWMAN, Associate Judges.

PER CURIAM:

After a bench trial, American Security Bank (the "Bank") was awarded damages for the balance due on a promissory note executed by appellants. In challenging the judgment, appellants contend that the Bank improperly exercised its right to accelerate the maturity of the note and to set-off the balance due with other Bank deposits of appellants. We disagree and therefore affirm.

I.

The essential facts are not in dispute. On October 1, 1981, Donald Boyle and David Alterman, general partners in D & D Properties, borrowed $30,000 from American Security Bank and executed a personal promissory note as evidence of the obligation. The note required appellants to make monthly payments of principal and interest. The note also contained what is commonly referred to as an "optional acceleration clause," entitling the Bank, under certain circumstances, to demand immediate payment of the entire unpaid principal balance plus accrued and unpaid interest. Default in payments was one circumstance under which acceleration could be exercised. The note also conferred on the Bank the right to set-off against the balance due on the note any and all property of appellants on deposit with the Bank. Set-off could occur at the stated maturity date or upon acceleration, without notice to or consent of appellants. Finally, the note was secured by a Deed of Trust entitling the

due a credit.

Bank to a lien upon title to real estate owned by appellants.

From October 31, 1981, through September 1982, appellants made regular payments of principal and interest. Beginning in October 1982, however, appellants began experiencing difficulties in their real estate business and ceased making regular payments. In December 1982, appellants tendered payment of the full amount of accrued interest, and, from January 1983, through May 1983, made regular, interest-only payments. The Bank accepted the interest-only payments, but sent monthly billings indicating that both principal and interest were due.

During the entire period of irregular payments, appellants and representatives of the Bank conferred about the status of the note. It is undisputed that the terms of the note were never modified. As of April 1983, the unpaid but accrued principal amounted to approximately $5,000 to $6,000.

On May 17, 1983, the Bank sent a demand letter to appellants requesting payment in full. The Bank simultaneously exercised its right of set-off, seizing all money in a checking account appellants maintained in the Bank. The letter stated:

> American Security Bank's loan to D & D Properties has been past due as to principal payment since October 31, 1982. Due to this delinquency, we hereby demand payment in full.
>
> Further, you are hereby advised that we have exercised our legal right of off-set on May 17, 1983 in the amount of $14,364.28 which will be applied to the principal balance of this loan.

After execution of the set-off, there remained a balance of $8,760.72. When appellants refused to pay the balance, the Bank filed a complaint for recovery of the deficiency. Appellants counterclaimed, alleging that the Bank improperly exercised its right of set-off, and that the set-off caused direct and consequential damages.

At trial, the court found that the Bank was entitled to the unpaid deficiency plus accrued interest. The court rejected appellants' counterclaims. This appeal followed.

## II.

It is elementary that when faced with a dispute over the terms of a note, the task of this court is to review the language of the note "so as to divine the intent of the parties." *Toomey v. Cammack*, 345 A.2d 453, 455 (D.C.1975). The Bank's interpretation of the note, affirmed by the trial court, conforms to the terms expressed on the face of the note.

The optional acceleration clause of the note states in pertinent part:

> Upon failure of the undersigned to pay any payment hereon in full when due ... the entire unpaid principal balance hereof plus accrued and unpaid interest thereon shall, at the option of the Bank, mature and become immediately due and payable.

Appellants argue that in order to exercise this right, the Bank was first required to declare a default and to indicate that the balance due was accelerated.

It is clear from the terms of the note, however, that a formal "declaration of default" is not required in order to exercise acceleration. Rather, all that is required under this provision of the acceleration clause is that the makers actually be in default. Here, it is undisputed that as of May 17, 1983, appellants were actually in default and were aware of the "past due" status of their note.

Moreover, it has long been established that while giving notice of an intention to accelerate the maturity date of a note is a frequently-used method of announcing acceleration, notice is not necessary. *Gelman v. Public National Bank*, 126 U.S. App.D.C. 281, 284, 377 F.2d 166, 169 (1967). As we stated in *Gelman*, in order to accelerate maturity, the holder of the note must engage in affirmative action which positively manifests an election to accelerate. *Id.* "[W]hat would be required is conduct so clear and unequivocal as to leave no doubt on that score." *Id.; accord Toomey, supra*, 345 A.2d at 456 n. 9.

There can be little doubt that the Bank's letter of May 17, 1983, was clear and unequivocal in its demand for payment in full. While the Bank did not use the terms "exercising the option to accelerate" in the

demand letter, requiring such language would elevate form over substance. The letter demanded payment in full at a time when the note was in default. A demand for payment in full prior to the stated maturity date is the essence of acceleration. *See Don Anderson Enterprises, Inc. v. Entertainment Enterprises, Inc.*, 589 S.W.2d 70, 71–72 (Mo.App.1979) (acceleration properly exercised in letters which stated "[d]emand is hereby made for payment of the entire amount of the outstanding debt").

Moreover, the simultaneous act of setting-off the balance due with the checking account deposits clearly demonstrated the Bank's election to accelerate, and could not be mistaken for a mere intention to accelerate at some future point. Thus, the requirement of an affirmative action was met in this case.

It is, of course, significant that the note between the Bank and appellants expressly provided that no notice of or consent to set-off was required:

> Whenever this note or any other liability matures, whether at the stated maturity or by acceleration, the Bank may set-off against the balance thereof any and all ... property of any nature whatsoever on deposit with, or held by, or in the possession of, the Bank ... without notice to or consent by any of the undersigned.

Clearly, if notice or consent had been required, a different result would obtain.

Appellants' reliance on *Toomey, supra,* and *Gelman, supra,* is misplaced. In *Toomey,* the letter relied upon as the affirmative action triggering acceleration was completely distinct from the one in the record before us. "The letter stated that although the notes had been assigned to third parties, [the holder] would 'look to' [the makers] for payment in the event of default." 345 A.2d at 456. The Bank's letter here contained no such ambiguous language. In *Gelman,* the issue before the court was the bank's failure to give notice to the *indorser* of a note upon default of the maker. The court held that the terms of the note were not sufficiently clear and unambiguous enough to constitute a waiver of an indorser's right to

notice of dishonor by the maker. The issue here and the terms of the note in question are completely distinct.

Two cases from other jurisdictions affirm the principle that exercising a set-off right is a sufficient affirmative action to indicate an election to accelerate. In *Jensen v. State Bank of Allison*, 518 F.2d 1 (8th Cir.1975), the bank, deeming itself "insecure" under the terms of an optional acceleration clause, accelerated the debtor's notes and then debited his checking account for the full amount of the loans plus interest. The bank gave no prior notice of its intent to accelerate nor of its simultaneous action of applying the checking account deposits to the debt. The court held that the "setoff constituted sufficient affirmative action" to accelerate the maturity of the note. *Id.* at 6.

*Custom Panel Systems, Inc. v. Bank of Hampton*, 143 Ga.App. 681, 239 S.E.2d 558 (1977) presented similar facts to *Jensen, supra.* The bank, deeming itself insecure, caused the due date of a note to be accelerated and applied the funds on deposit in Custom Panel's account to the balance due. Subsequently, the bank sent a statement to Custom Panel indicating the action. The court held: "The note could be accelerated and the bank account appropriated for application on the note without notice." *Id.* 239 S.E.2d at 559.

There is no question that the actions of the Bank in this case appear somewhat unseemly. Indeed, we share Judge Webster's sentiment in *Jensen* when he indicated that the Bank's "heavy-handed treatment of its customer without prior notification is cause for dismay." 518 F.2d at 6. But, heavy-handed treatment and legally invalid conduct are two separate questions. Because, under the terms of the note, the Bank validly accelerated the maturity date of the note and validly exercised its set-off rights, the Bank is entitled to the remaining deficiency, plus accrued interest.

*Affirmed.*