A91A1333. TENCH et al. v. TURNER et al.
(410 SE2d 357)

McMURRAY, Presiding Judge.

Plaintiffs, Mr. and Mrs. Hoyt Tench, brought suit against James Wesley Turner and his employer, Atlanta Baking Company, Inc., seeking damages for malicious prosecution and loss of consortium. They alleged that defendants "negligently caused a warrant" to issue for the arrest of Mr. Tench on the ground that he failed to stop at the site of an accident with damage; that Mr. Tench was "arrested, booked and placed under bond"; that a magistrate determined plaintiff was arrested without probable cause; that Mr. Tench suffered mental anguish and humiliation as a direct result of defendants' conduct; and that, due to the injuries sustained by Mr. Tench, Mrs.

Tench suffered a loss of consortium. Defendants answered the complaint and denied any liability to plaintiffs.

Following discovery, defendants filed a motion for summary judgment. The motion was granted and plaintiffs appeal. *Held*:

1. "The law draws a fine line of demarcation between cases where a party directly or indirectly urges a law enforcement official to begin criminal proceedings and cases where a party merely relays facts to an official who then makes an independent decision to arrest or prosecute. In the former case there is potential liability for false imprisonment or malicious prosecution (*Duchess Chenilles, Inc. v. Masters*, 84 Ga. App. 822, 827 (67 SE2d 600) (1951)); in the latter case there is not. *Hammon v. D. C. Black, Inc.*, 53 Ga. App. 609 (186 SE 775) (1936). It is clear, though, that the initiation of the criminal action need not be expressly directed by the party to be held liable. *Webb v. Prince*, 62 Ga. App. 749, 752 (9 SE2d 675) (1940)." *Ginn v. C & S Nat. Bank*, 145 Ga. App. 175, 178 (243 SE2d 528).

Reviewing the record, we find that defendant Turner did no more than relay facts concerning the automobile accident to a deputy sheriff. He simply informed the deputy that his bread truck had been struck in the rear by a pickup truck; that he observed a green pickup truck bearing a particular license number leaving the scene immediately after the accident; and that he followed the pickup truck to a particular residence. The decision to investigate and arrest Mr. Tench was made by the deputy sheriff alone. Thus, defendants cannot be held liable for the arrest and prosecution of Mr. Tench. *Huff v. Household Intl.*, 184 Ga. App. 296 (2) (361 SE2d 273).

Plaintiffs' reliance upon *Melton v. LaCalamito*, 158 Ga. App. 820 (282 SE2d 393), is misplaced. In that case, defendant continued to insist that the furniture pads be returned to U-Haul and a factfinder could have concluded that defendant's insistence was the "determining factor leading to appellee's arrest and prosecution." Id. at 823. In the case sub judice, on the other hand, there was no evidence that defendant Turner urged any action or played any role in the decision to arrest Mr. Tench. He merely relayed facts about what he believed happened.

2. The mere fact that the superior court may not have considered the entire record in ruling upon the motion for summary judgment does not require a reversal as the plaintiffs here failed to show a genuine issue of material fact remained for trial. See *Holtzendorf v. Seckinger*, 195 Ga. App. 177, 183 (2) (393 SE2d 13).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 9, 1991.

*McDonald & Cody, Douglas W. McDonald, Sr.*, for appellants.
*Carey & Walker, Jack M. Carey*, for appellees.