## A92A1651. ATLANTIC ZAYRE, INC. v. ZACHARY.
### (422 SE2d 667)

McMURRAY, Presiding Judge.

Plaintiff Zachary was employed by defendant Atlantic Zayre, Inc. ("Zayre") in a large warehouse or distribution facility. Due to shrinkage or losses to theft, defendant Zayre contracted with defendant Guardsmark, Inc. to place an undercover investigator in the work force at the distribution facility. Upon completion of the investigation, the undercover investigator and defendant Zayre's loss prevention manager met with police. At that meeting, the police were provided with a copy of the undercover investigator's reports and given three radar detectors which the undercover investigator represented had been purchased at far below market value prices from Zayre employees. Plaintiff was prosecuted for the theft of one of these radar detectors. Plaintiff was acquitted of the theft charge and this action for malicious prosecution was instituted.

Upon the trial of the case sub judice, defendant Zayre's motion for directed verdict was denied. The jury subsequently returned a verdict in favor of plaintiff and against defendant Zayre. The jury also returned a verdict in favor of defendant Guardsmark and against plaintiff. Defendant Zayre appeals the judgment entered against it and submits three enumerations of error, all of which are addressed to the denial of its motion for directed verdict. *Held:*

Of the six elements of a malicious prosecution claim stated in such cases as *Commerical Plastics &c. of Ga. v. Molen,* 182 Ga. App. 202 (355 SE2d 86) and *Ellis v. Knowles,* 90 Ga. App. 40 (81 SE2d 884), we are concerned primarily with whether there is any evidence showing malice and want of probable cause. "[I]n determining the existence *vel non* of malice and of probable cause, Georgia law makes a distinction between a prosecution in which the one who has summoned law enforcement officers 'merely states what he believes, leav-

ing the decision to prosecute entirely to the uncontrolled discretion of the officer, . . . (and one in which the accuser's) persuasion was the determining factor in inducing the officer's decision' to prosecute. Prosser, [Law of Torts, § 119 at 837 (4th ed. 1971)]; cited in Melton [v. LaCalamito, 158 Ga. App. 820, 822 (282 SE2d 393)]." *Atlantic Zayre v. Meeks*, 194 Ga. App. 267, 268 (1), 269 (390 SE2d 398). See also *Tench v. Turner*, 201 Ga. App. 156, 157 (1) (410 SE2d 357).

In reviewing the denial of a motion for directed verdict, the proper standard of review is the any evidence test. *Re/Max of Ga. v. Real Estate Group &c.*, 201 Ga. App. 787, 788 (1) (412 SE2d 543); *Southern Gen. Ins. Co. v. Holt*, 200 Ga. App. 759, 760 (2) (409 SE2d 852) (reversed in part on other grounds *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267 (416 SE2d 274)). The transcript of the trial contains no evidence that defendant's loss prevention manager did any more than participate in providing to police the information gathered by the undercover investigator. While a jury would have been authorized to conclude that the undercover agent had fabricated his representations concerning plaintiff, there is no evidence that any agent or employee of defendant Zayre had knowledge of any such lack of truthfulness. No one at defendant Zayre swore out a warrant against plaintiff nor made any decision to begin or continue a prosecution of plaintiff. The Clayton County solicitor's office made an independent decision to prosecute the case. There is no evidence that defendant Zayre urged any action or played any role in the decision to prosecute plaintiff, it merely participated in providing police with information it reasonably believed to be truthful.

Nor does any liability on the part of defendant Zayre arise in connection with the circumstances of the arrest of plaintiff. Clayton County officials initiated two other theft by taking prosecutions, based on the information gathered by the undercover investigator, which resulted in guilty pleas. One of these other prosecutions was of plaintiff's brother David. Plaintiff was arrested when he attended his brother's arraignment hearing on these charges. At that time, plaintiff had been charged with the theft by taking offense at issue and there was an outstanding bench warrant for plaintiff's arrest due to his failure to appear for his arraignment. Defendant Zayre's loss prevention manager informed the solicitor's office of plaintiff's presence but did not provide this information directly to the police or encourage police to arrest defendant. It was a matter of routine police procedure to arrest a person where there was an outstanding warrant.

There was no evidence authorizing a jury to hold defendant Zayre liable for the arrest and prosecution of plaintiff. The superior court erred in denying defendant Zayre's motion for directed verdict. *Tench v. Turner*, 201 Ga. App. 156, 157 (1), supra. Compare *Ginn v. C & S Nat. Bank*, 145 Ga. App. 175, 178 (3) (243 SE2d 528).

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 14, 1992.

*Whitehurst & Frick, Stephen P. Riexinger,* for appellant.
*Thomas J. Hughes, Jr., Goldner, Sommers, Scrudder & Bass, Stephen L. Goldner, Tony L. Axam,* for appellee.